## GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY *v.* YOUNG INVESTMENT COMPANY.

1. On the trial of an action for damages against a railroad company for the killing of live stock, it is not error for the court to charge that, the killing being admitted, the defendant must, to escape liability, show "by a preponderance of evidence" that at the time of the killing it was in the exercise of all ordinary and reasonable care and diligence.
2. In the absence of a request for specific instructions on the subject, it is not error in such a case to fail to explain to the jury the meaning of the expressions, "ordinary care," and "preponderance of evidence."
3. While the evidence for the defendant made out a good defense, that for the plaintiff, including the testimony of an eye-witness to the occurrence under investigation, contradicted that defense, and tended to prove that the employees of the railroad company were guilty of negligence at the time the plaintiff's cow was killed. It was therefore not error to rule adversely to the contention of the petition for certiorari that the verdict of the jury in the city court was contrary to law and the evidence.

Argued January 25, — Decided February 13, 1904.

Certiorari.　Before Judge Mitchell.　Lowndes superior court. June 23, 1903.

*R. C. Jordan* and *Cranford & Walker,* for plaintiff in error.
*W. E. Thomas* and *Wilcox & Johnson,* contra.

CANDLER, J.　Further than what is announced in the headnotes, it is only necessary to add that this case does not come

within the rules laid down in the cases cited in the brief of counsel for the plaintiff in error, which hold, in effect, that where there is no contradiction to the evidence of the employees of the railroad company, that at the time of the occurrence under investigation they were in the exercise of all ordinary care and diligence, and that everything possible was done to stop the train in time to avoid an accident, but without avail, a verdict in favor of the plaintiff can not stand.    In the present case an eye-witness testified that the plaintiff's cow got on the track at least one hundred yards in front of the train which struck her; that the track was straight at this point and on a grade which the train was ascending; that the employees of the train knew of the presence of the cow on the track, as was evidenced by their giving the usual alarm to frighten stock off the track; and that the train did not slow up at all from the time the cow first got on the track, as it would have been impossible for it to have gone over the grade if it had done so.    This was in direct conflict with the evidence of the engineer, to the effect that the cow came on the track about thirty or forty feet in front of the engine, and that he made every effort possible to stop the train before striking her, but could not do so.    The evidence for the plaintiff clearly established its right to recover.    A jury of twelve men, under a fair charge from an able judge, weighed all the testimony and resolved the conflict in favor of the plaintiff; their verdict and the rulings of the city-court judge on the trial were reviewed and approved by the judge of the superior court, and we can not say as matter of law that there was any error in refusing the certiorari.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*