LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. H. WILLIS, *Defendant in Error*.

1. Where the plaintiff in a suit for damages for a personal injury against a railroad company has testified to his being injured by the sudden and violent lurching of the train and has stated that he did not know the cause of the lurching, it is not erroneous for the court on the cross examination of the plaintiff to refuse to permit questions to be asked him which at best could only elicit his opinion as to the cause of the lurching.

2. It is not reversible error for the judge to state in his charge that the plaintiff alleged in his declaration "he was injured by the negligent running and operation of the train," where the declaration alleged that the employees of the railroad "negligently and carelessly handled and ran the same," and where it is evident from the whole charge that the words "running" and "operation" were used as synonymous in meaning.

3. It is not reversible error for the judge in his charge to say that "the exact manner in which the accident occurred is set out in the declaration," when it is manifest from the whole charge that the trial judge had reference to the allegations of the declaration.

4. Where a portion of the charge of a trial judge embraces the general law on the subject of the duty of a railroad company to provide proper cars, and there is no contention whatever before the jury that the company, in the instant case did not do so, such a charge does not constitute reversible error since no injury could have resulted to the company from its use.

5. In considering specific portions of a trial judge's charge to the jury which are assigned as erroneous, the whole charge is taken into consideration, and if when thus considered it is apparent that the jury could not have been misled, no reversible error is made to appear.

6. The defendant has no right to complain of a charge which is more favorable to it than it has the right to demand.

7. The construction placed on section 3149 General Statutes of 1906 in the case of Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, text 62, 63, 25 South. Rep. 338, affirmed and followed.

This case was decided by Division B.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiff in Error.

*Reeves & Watson,* for Defendant in Error.

HOCKER, J.—Writ of error from a judgment of the circuit court of Escambia County in favor of the defendant in error for $608.70 damages and interest, and $1.72 costs.

J. H. Willis, a practicing physician, sued the defendant company, alleging in substance in his declaration that in December, 1907, he was a passenger for hire on a train of said company, riding in a Pullman car; that he went into the toilet of the Pullman car to meet a call of nature, and when he started to leave said toilet the train being in motion, was so negligently and carelessly handled and run that it swayed violently from side to side, and lurched in an unusual and violent manner, and that the door of

the toilet, from which plaintiff was in the act of emerging, was caused violently to close upon the thumb of plaintiff, between the door and jam, crushing, bruising and mangling, and permanently disabling the same, causing great pain, anguish and suffering, impairing his ability to successfully practice his profession, and the expense of large sums of money in curing himself, &c.

The evidence of Dr. Willis sustains the allegations of his declaration. He says that the lurching of the train was so violent and unusual he was thrown as he was going through the door, his thumb was caught in the door as it slammed with violence, and he was caught by a gentleman in the smoker. It was done so quickly that he could hardly realize anything. His thumb was crushed, caused great suffering and pain for some months, and is permanently injured so as to interfere with its use in his profession, especially in obstetric cases. He says that he had ridden on trains before and had since that time, and has never experienced such a lurch as this one. He described in detail the injury to this thumb, and his sufferings from it. On cross-examination he says it is common for trains to lurch from side to side, but never experienced so violent a one as this; that he was standing up coming out of the toilet when the lurch occurred; that he made no specific complaint to the conductor; that there were persons in the smoker who rendered him assistance, and he was thinking more of his physical condition than of anything else; that he doesn't know the speed of the train, but does not think it was unusual; that he does not know what happened to cause the sudden concussion; that he felt a shock as if putting on brakes, but that is supposition; felt as if the train was being checked; paid very little attention to the train after he was hurt; does not know whether the engineer did anything he ought not to have done, or not; does not know "whether it stopped

or run up against something or what." After having stated specifically on the cross-examination that he did not know what caused the unusual lurch which resulted in the door of the toilet being suddenly closed and the mashing of his thumb, he was asked this question: "Then what is the basis of this charge you make that the agents, servants, employees in charge of the train were negligent, carelessly handling same in a way which caused it to lurch from side to side?" which question was objected to and the object sustained. This is assigned as error. He was then asked this question: "Was there any information of any act of negligence of the railroad company on that day?" This on objection was not permitted, and the ruling is assigned as error. He was then asked this question: "Did you yourself know of any act of negligence on the part of the railroad company in the operation of the train?" This was ruled out and the ruling assigned as error. It appears that he then testified that he could not state that the train was running at an unusual rate of speed; that the engineer was not at his post of duty; that he was failing to perform his duty as to the running of the train, or that the engineer caused the train to lurch by any act of his. He was then asked this question: "Can you say any other servant of the railroad company caused the train to lurch by any act done by him?" This was objected to and ruled out, and the ruling assigned as error.

We are not impressed with any one of these assignments. The witness had stated once and again that he was hurt by the sudden unusual lurching of the train which caused the door to violently close upon his thumb, and that he did not cause the lurching of the train. Besides the questions were not in cross of anything he had said on his examination in chief for he had not undertaken to give any sort of reason for the lurching of the

train, nor was it essential to his *prima facie* case for him to do so. Moreover under the circumstances the question could only have elicited at best the opinion of the witness. We find no error in these rulings.

The defendant introduced as a witness Mr. J. B. McGill, who was the conductor of the train on which the plaintiff was injured. He stated in substance that he had no independent recollection of the trip at all, but knew from his memorandum book that he was on that train; that no accident happened and. nothing unusual occurred as shown by his record; the engine ran badly and there was some delays on account of fuel; that it was not usual for the train to lurch so it will throw a man across the smoking compartment of the sleeper; that in case of bad weather the roadbed sometimes becomes soft, the track will sag a little and cause an unusual jerk. This witness does not testify, however, that such was the condition of the weather or track at the time Dr. Willis was injured.

The defendant also introduced Mr. B. L. Barclay, who was the engineer on the train on which plaintiff alleges he was injured. Speaking from his record he stated that no accident happened on that run that he knew of or had a record of; that the train was operated by him in the usual way he operated his engine; that there was no irregularity that he knew of; that nothing unusual happened in the running or operation of the engine that he has any record of; that he had no specific recollection of the trip at all.

Quite a number of assignments of error are based on particular words or sentences of the trial judge's charge to the jury. For instance, the 5th assignment is as follows: The court erred in instructing the jury that the plaintiff had alleged "that he was injured by the negligent running and operation of the train which caused it

to give a certain lurch." It is contended here that there is a difference between running a train and operating one, the latter being broader than the former, and the court erred in advising the jury that the issue they were to try embraced not only negligence in running, but in the operation of the train.

The declaration charged that "the employees of the defendant company so negligently and carelessly *handled and ran the same*" &c., and did not confine the negligence to the mere running of the train in its narrow sense. The charge of the court, before using the language objected to, *viz.*: "the negligent operation and running of the defendant's train," &c., had several times stated the *prima facie* liability created by statute from the occurrence of an injury caused by the *running* of the cars or machinery. The court evidently used the term *operation* as synonymous with the term *running,* for which he had the express authority of this court in the case of Louisville & N. R. Co. v. Jones, 45 Fla., 407, 34 South. Rep. 246; 6 words and phrases, 4990.

The sixth assignment is based on the following sentence in the trial judge's charge, *viz.*: "The exact manner in which the accident occurred is set out in the declaration." It is contended here that this was a charge on the facts. But it is perfectly apparent from what precedes this sentence and from what follows it that the trial judge had reference only to the allegations of the declaration. He informed the jury particularly that "If you find that the accident to the plaintiff occurred as alleged in the declaration and that the defendant company was negligent in and about the running of the train," &c., thus leaving it entirely to the jury to find from the evidence whether the injury occurred as alleged in the declaration.

The seventh assignment is based on the use of the word operation, as in the fifth assignment.

The eighth assignment is based on certain language of the charge setting forth the general duty of a railroad company to provide proper trains of cars, &c. It is contended that this language broadened the issues, as there was no contention proper cars were not provided. We are at a perfect loss to understand how the defendant company was injured by this language. There is no contention here it did not embody the general law on the subject, and as a matter of fact there was no evidence in the court below, and no contention there that we can discover, that proper cars were not provided. The only issue raised by the plaintiff in his evidence was that he was injured by the sudden and unusual lurching of the train. We fail to see how the plaintiff could possibly have been injured by the general language objected to. What is said here we think also applies to the ninth, tenth and eleventh assignments.

The twelfth assignment of error challenges the following part of the trial judge's charge: "The presumption of the statute is that if a person is injured by the running of cars or other machinery of a railroad, then the law creates the presumption that the injury was caused by the negligence of the railroad." The objection is that this part of the charge did not confine the presumption of negligence to the specific negligence mentioned in the declaration, viz., the unusual lurching of the cars. Other portions of the charge made it appear clearly to the jury that the plaintiff must be shown to have been injured as alleged in the declaration, and we find here no reversible error.

The next assignment of error which is discussed is the fourteenth, based on the following language of the judge's charge: "You cannot guess at the probable amount of damages, except as your opinion is made up from the testimony." It is insisted that this language

permitted the jury to guess at the amount of damages. In other portions of the charge the jury were instructed that if the plaintiff was injured as alleged he would be entitled to recover "the actual damages sustained by him, unless the defendant made it appear, or it was made to appear by all the evidence that defendant's agents exercised all ordinary care and diligence in and about the operation of the cars." In the very sentence from which the language objected to was taken the jury were instructed that they must find *from the evidence* what the extent of the damages are; "You can't guess at the probable amount of such damages except as your opinion is made up from the testimony." Considering the charge as a whole on this point we do not conceive how the jury could have been misled into guessing at the damages irrespective of the evidence.

The fifteenth assignment is based on the following language of the judge's charge: "Then the plaintiff would still be entitled to recover, but his damages would be diminished or increased in the exact proportion that he was negligent." The contention is that this language authorized the jury to increase the damages in proportion to the negligence of the plaintiff, and also that it was erroneous in using the word *exact*. The whole sentence from which the foregoing is taken is as follows: "If you find that the accident to the plaintiff occurred as alleged in the declaration, and that the defendant company was negligent in and about the running of the train, and that such negligence contributed to the injury, but you also find that the plaintiff himself was not in the exercise of due care at the time, that is, he was himself negligent, so as to contribute to the accident by his negligence, in other words, if the negligence of the railroad company and the negligence of the plaintiff both contributed to the accident, thus causing the injury, then the plaintiff

would still be entitled to recover, *but his damages would be diminished or increased in the exact proportion that he was negligent*, that is if the defendant company and the plaintiff were equally negligent, then the plaintiff would be entitled to recover *only for one-half* his real damages, and just in proportion as the plaintiff contributed to the accident, if he did contribute to the accident, his damages must be reduced." Taking the whole sentence together, we do not think there is any ground for the objection we are considering. It was plainly stated what the judge meant in the last clause, that is, that the plaintiff's damages must be reduced in proportion as he may have contributed to the accident. As to the use of the *exact,* while it is not contained in the statute (Par. 3149 Gen. Stats. of 1906), still as it seems to put a greater burden on the plaintiff than the law places on him in requiring him to prove his *exact* damages, it is not a matter of which the defendant may complain.

The seventeenth assignment of error questions the following passage of the judge's charge: "That is if the defendant company and plaintiff were equally negligent then the plaintiff would be entitled to recover only for one-half his real damages, and just in proportion as the plaintiff contributed to the accident, if he did contribute to the accident, his damages must be reduced."

The last quoted portion of the charge is attacked because it authorized a verdict for the plaintiff if he was equally negligent with the defendant. It is contended that the Georgia Supreme Court.in construing the statute in that State does not permit a recovery by the plaintiff if he is equally negligent with the railroad company. The case of Brunswick & W. R. Co. v. Wiggins, 113 Ga., 842, 39 S. E. Rep. 551, is cited as authority. Whatever be the rule in Georgia this court has placed a different construction on our statute. In the case of Florida Cent. &

P. R. Co. v. Foxworth, 41 Fla., 1, 25 South Rep 338, this court, on page 62 and 63, discusses the Georgia statute and differentiates our own from it. In the opinion it is said: "The plain construction of our statute, in the absence of a provision similar to the one quoted, is that the plaintiff is not debarred from recovering unless the injury was caused entirely by his own negligence or by his consent; but that in all cases where the negligence of the plaintiff and defendant produced the injury, the plaintiff's damages are to be diminished by the jury in proportion to the default attributable to him."

The following instructions, given at the request of the plaintiff, are assigned as error:

"1 Where a plaintiff shows by evidence that he has sustained damage and injury by the running of the cars of a railroad company he is entitled to recover therefor against the company, unless the company makes it appear by a preponderance of the evidence or unless it should appear from the whole of the evidence that the injury was not due to the negligence of the agents of the company."

"3. If after a consideration of all the evidence you find that plaintiff was injured and damaged as alleged by the running of the defendant's train, but the evidence is equally balanced in your minds between negligence and freedom from negligence on the part of the defendant, your verdict must be for the plaintiff."

The statute (Paragraph 3148 Gen. Stats. of 1906) is as follows: "A railroad company shall be liable for any damage done to persons, stock or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ or service of such company, unless the company shall make it appear that their agents have exercised

all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

The brief contains a long and ingenious discussion of the weight of the *prima facie* case made by the statute. It is contended that the presumption of the statute may be removed by evidence, "not conclusive in its effect, but sufficient in weight to neutralize the effect of the artificial proof or *prima facie* case of the plaintiff, and thereby he makes it appear that his agents have exercised all ordinary and reasonable care and diligence," and that the same "would be true if the evidence was conflicting, provided credible evidence extracted from the whole evidence was sufficient to neutralize the effect of the plaintiff's artificial proof." In this state of the case it is contended that the defendant "would be entitled to a verdict, because the burden of proof never shifts from the plaintiff, and where defendant's evidence is sufficient to neutralize that produced by him, he has not sustained the burden which requires a preponderance, and therefore he loses." We do not deem it necessary to go into a metaphysical discussion of the burden of proof under the statute. The Georgia Supreme Court seems to give their statute a construction the reverse of that contended for by the plaintiff in error. In Georgia Southern & F. R. Co. v. Young, 119 Ga., 513, 46 S. E. Rep. 644, it is held: "On the trial of an action for damages against a railroad company for the killing of live stock it is not error for the court to charge that the killing being admitted the defendant must to escape liability show by a preponderance of the evidence that at the time of the killing it was in the exercise of all ordinary and reasonable care and diligence." We discover no reversible error under these assignments.

The twentieth assignment of error fails for the reasons given above.

The only other assignments argued in the brief of the

plaintiff in error are that the court erred in refusing an affirmative charge for the defendant, and that the evidence was not sufficient to sustain a verdict. We have examined the evidence carefully and do not think it would be profitable to prolong this opinion with a discussion of it. We find no reversible error under these assignments.

The judgment of the court below is affirmed.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J. concur in the opinion.

Petition for rehearing in this case denied.