## 6213.  SAVANNAH AND NORTHWESTERN RAILWAY v. McCOY.

The court did not err in the rulings on the demurrer.
                    DECIDED SEPTEMBER 11, 1915.

Action for damages; from city court of Savannah—Judge Davis Freeman. November 20, 1914.

*Hitch & Denmark, John G. Kennedy,* for plaintiff in error.
*Oliver & Oliver,* contra.

WADE, J. According to the allegations of the petition as amended, the section-foreman in the employ of the defendant was returning at the close of work for the day, riding on his section-car with 19 section-hands, also in the service of the defendant and under his general control; the plaintiff was seated on the front left-hand corner of the lever-car, facing the direction in which the car was moving, with his feet hanging over the edge between the rails of the track; and immediately behind the plaintiff, on the left-hand side of the car and next to the corner, with his right shoulder against the plaintiff's back, and with his feet hanging over the side of the car towards the ground, was seated one of the said employees,

who knew of the presence of a pile of dirt at the side of the track, and, as the car approached it, could by the exercise of a very slight degree of care have known that his feet would strike the pile of dirt, to his or the plaintiff's injury. It was alleged that this employee failed to exercise such slight care to protect himself and the other employees on the car from injury, and did not hold his feet in such position as to avoid striking the said obstruction, but permitted his feet to strike the pile of dirt, and it knocked him up against the plaintiff and thereby threw the plaintiff from the car and in front of the same, so that the wheels on the left side of the car ran over the plaintiff's leg and ankle and inflicted various injuries complained of; that thereby the defendant was negligent, in that the said employee riding behind the plaintiff failed to exercise due and ordinary care at the time and place to avoid the injury to the plaintiff and the other employees of the defendant company on the car. It was further alleged that the defendant was negligent "because the employee of said railroad company, riding behind petitioner upon said lever-car, did not exercise ordinary and reasonable care and diligence, under the circumstances, to prevent his feet from striking a defective piece of track, of which he knew, when, in the exercise of proper care, he should have avoided the same, and thereby prevented injury to petitioner."

All allegations of negligence except those based upon negligence of the fellow servant of the defendant were stricken by the court on demurrer, the court ruling that the general demurrer was good as to every ground stated as a basis for recovery, save the ground covered by the 6th and 8th paragraphs of the amendment to the petition (the ground referred to in the foregoing statement); and as to all except the alleged negligence on the part of the plaintiff's co-employee the demurrer was sustained. The judge did not err in overruling the general demurrer on the ground stated in his order, and in refusing to dismiss the petition so far as the case alleged in the 6th and 8th paragraphs of the amendment was concerned. Conceding that the plaintiff had knowledge of the partial obstruction existing on or near the track, it appears, from the allegations in the petition, that the injury would not have resulted but for the intervening negligence of his coemployee, and it cannot be judicially determined on the facts as alleged that the failure on the part of the plaintiff to anticipate and guard against that negligence

would amount to such a want of ordinary care on his part as to preclude the possibility of recovery, but the question was properly one for a jury.

It is unnecessary to elaborate the ruling made above, but we utilize the opportunity offered by the correspondence hereinafter referred to, to call the attention of the bar practicing before this court to a rule of the court which is sometimes disregarded. On the day after this case was argued, briefs of counsel for the defendant in error reached the clerk's office. They were returned with the statement that "the court will not receive briefs from counsel for defendant in error after a case has been submitted, where there is no appearance on the trial and no sufficient reason appears why no appearance was made. The court holds that the rule makes no distinction between defendants in error and plaintiffs in error as to the time of service and filing of briefs, and that the reason stated in the letter of counsel for defendant in error accompanying the briefs, 'We were awaiting service of brief by the plaintiff in error,' is insufficient." The briefs were retransmitted to this court by counsel with the statement: "We desire to return herewith these briefs, with due and legal service acknowledged, time of service and filing waived, and the consent of the plaintiff in error that the briefs be received and considered by the court. It has become a custom of lawyers in Savannah merely to exchange briefs at such time as may suit the convenience of both parties, and little attention has ever been paid to the time of the service or filing. This is the reason why we awaited service of briefs for the plaintiff in error in this case. We trust, however, that the waiver of the plaintiff in error will permit the court to consider these briefs."

Under this waiver and consent, the appearance for the defendant in error is allowed. However, the attention of members of the bar is called to the fact that the rule of this court as to the service and filing of briefs should be complied with. Compliance with the provision that briefs should be filed three days before the day for the call of the calendar to which the case is assigned is necessary to the proper conduct of the business of the court. Compliance with the requirement as to the service of briefs is desirable in order that the court may obtain some assistance from counsel.

*Judgment affirmed.*