7888. SAVANNAH AND NORTHWESTERN RAILWAY *v.* McCOY.

1. The former ruling of this court in this case, to the effect that the petition as amended set forth a cause of action, is controlling as to the petition as since amended.
2. As to the burden of proof in a case governed by the Federal employer's liability act, no further instructions to the jury than those given were necessary.
3. The evidence for the plaintiff, although weak and unsatisfactory, was sufficient to authorize the verdict.

DECIDED JULY 23, 1917.

Action for damages; from city court of Savannah—Judge Davis Freeman. August 16, 1916.

*Hitch & Denmark, John G. Kennedy,* for plaintiff in error.
*Oliver & Oliver,* contra.

WADE, C. J. 1. When this case was formerly before this court on exception to the overruling of the general demurrer to the plaintiff's petition (*Savannah & Northwestern Railway* v. *McCoy,* 17 *Ga. App.* 82, 86 S. E. 282), it was held: "Conceding that the plaintiff had knowledge of the partial obstruction existing on or near the track, it appears, from the allegations in the petition, that the injury would not have resulted but for the intervening negligence of his coemployee, and it can not be judicially determined on the facts as alleged that the failure on the part of the

plaintiff to anticipate and guard against that negligence would amount to such a want of ordinary care on his part as to preclude the possibility of recovery, but the question was properly one for a jury."

(a)   By amendment of the amended petition considered in the former review the allegations of negligence on the part of the plaintiff's coemployee were amplified by assigning reasons for his knowledge as to the defects in the track of the railroad company, which caused him to be thrown against the plaintiff and produced the injuries sued for.   The previous ruling, therefore, to the effect that the petition set forth a cause of action, is controlling, notwithstanding the additional amendments.

2.   There is no merit in the following. ground of the motion for a new trial:   The court erred in omitting to charge the jury that "the burden of proof was on the plaintiff, before he could establish liability for injuries alleged to have been suffered by him while employed by the defendant, to show by evidence that the alleged injuries resulted in whole or in part from the negligence of the defendant carrier, its agents or employees; the case being determinable by the provisions of the Federal employer's liability act rather than by the State law, and this point being insisted upon by defendant's counsel in argument, and oral request being made by defendant's counsel in his argument that this principle be given in charge to the jury."   This ground of the motion was not unreservedly approved by the court, but the court made the following certificate in connection with it:   "As to this ground, the court recalls no oral request to charge.   The evidence having developed that the case was controlled by the Federal law, counsel for defendant started to cite authority to the effect that the presumption obtaining in a case under the State law did not apply.   The court thereupon announced to counsel that the authority need not be read; that the court agreed that the presumption law did not apply, and that it would not be charged.   This was in the hearing of the jury."   The court instructed the jury as follows:   "All material allegations which are denied, or which the defendant says it can neither admit nor deny, for lack of sufficient information, must be established by proof.   You will determine who should prevail, and your decision will be controlled by the preponderance of the evidence."   This instruction, in connection with the fact that

35

no reference was made to the existence of any presumption against the defendant, amounted to an instruction to the jury that the burden of proof rested upon the plaintiff to establish the essential allegations in his petition by a preponderance of evidence before a recovery would be authorized.

3. All the remaining grounds of the motion for a new trial amount merely to specific objections to the sufficiency of the proof on one point or another, and are therefore without merit, since there was some testimony to support the verdict. The evidence for the plaintiff is somewhat weak and unsatisfactory, but the jury accepted it as the truth of the case, and the learned trial judge, who heard the testimony delivered from the stand, has approved the verdict. It is unnecessary to say that this court has no inherent authority to set aside a verdict based upon evidence which, if credited by the jury, is sufficient to establish the necessary averments upon which it rests, but, in view of the narrow line upon which this case proceeded, and the somewhat unsatisfactory character of the evidence in behalf of the plaintiff (as it appears to us from an inspection of the record), we think it proper to call attention again to the restricted power of the reviewing court under such circumstances.

*Judgment affirmed. George and Luke, JJ., concur.*