8084. TALLULAH FALLS RAILWAY COMPANY *v.* TAYLOR.

LUKE, J. 1. Under the employer's liability act of this State (Civil Code of 1910, § 2782), a railroad company is liable in damages to its section foreman for an injury resulting in whole or in part from the negligence of a member of a crew of employees who, as subordinates, work under such foreman as a vice-principal, both the foreman and the subordinate employee being at the time of the injury engaged in the work for which they were respectively employed, unless it is further made to appear that the injury was brought about by the foreman's own carelessness amounting to a failure to exercise ordinary care, or that he could have

avoided the injury by the exercise of such care. *Wrightsville & Tennille Railroad Co.* v. *Tompkins*, 9 *Ga. App.* 154 (70 S. E. 953) ; *Savannah & Northwestern Railway* v. *McCoy*, 17 *Ga. App.* 82 (86 S. E. 282).

(a) The trial court therefore did not err in overruling the defendant's demurrer, or any of the special grounds of the motion for a new trial complaining of excerpts from the charge of the court which are in harmony with the ruling above announced.

2. The sole witness in the case was the plaintiff, who testified to facts substantially as set forth in his petition, and to additional facts on which the defendant relied for its defense. The court instructed the jury as follows: "The burden is on the plaintiff to show his right to recover, by a preponderance of the evidence, before you would be authorized to find in his favor. A preponderance of the evidence does not necessarily mean by the greater number of witnesses in the case, though the jury may consider the number of witnesses in determining where the preponderance of evidence lies." This is assigned as error, (1) because sections 5731 and 5732 of the Civil Code of 1910 were not given in full; and (2) because, "there having been no witness introduced by the defendant, the charge as given was confusing and misleading to the jury; " and (3) because, without the said code-sections being given in charge or a witness being introduced by the defendant, this charge "left the jury under the impression that the evidence supported the plaintiff's right to recover." *Held:* (a) The charge here complained of was not error for any of the reasons assigned. (b) In the absence of an appropriate written request, it is never error for the court to fail to explain to the jury the meaning of the term "preponderance of evidence." *Ga. So. & Fla. Ry. Co.* v. *Young Investment Co.*, 119 *Ga.* 513 (46 S. E. 644) ; *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (71 S. E. 887).

3. The court instructed the jury as follows: "If the plaintiff's injury, if he was injured, was caused solely through the negligence of a fellow servant, he could recover, provided that he himself did not bring about his claimed injury by his own carelessness amounting to a failure to exercise ordinary care. The meaning of this rule is this: The plaintiff can not recover if at the time and place of the claimed injury the plaintiff did not exercise ordinary care in avoiding the consequences of the claimed negligence of the defendant or of its employees." This excerpt from the charge is assigned as error, (1) because it is inapplicable to the evidence in the case, and (2) because the plaintiff was not the fellow servant of the employee whose negligence caused the injury, but was the vice-principal of the defendant, having authority to hire and discharge such employee and being under the duty of directing his actions and movements. *Held:* (a) This charge was not, for any of the reasons assigned, such error as to demand the grant of a new trial. (b) While in one sense the plaintiff was a vice-principal of the defendant, rather than a fellow servant of the negligent employee (*Spencer* v. *Brooks*, 97 *Ga.* 681, 25 S. E. 480; *Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 609, 56 S. E. 839, 10 L. R. A. (N. S.) 772; *Blackman* v. *Thomson-Houston Electric Co.*, 102 *Ga.* 64, 29 S. E. 120), yet in another sense the vice-principal and his subordinate were fellow-servants (*Brush*

*Electric Light &c. Co.* v. *Wells*, 110 *Ga.* 192, 35 S. E. 365; *Colley* v. *Southern Cotton Oil Co.*, 120 *Ga.* 258, 47 S. E. 932; *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292, 45 S. E. 220); and, in view of the qualifying conclusion of the excerpt complained of, and also in view of the charge as a whole, it is apparent that the use of the words "fellow servant" was a mere lapsus linguæ, and did not convey a wrong idea to the jury and did not influence them in arriving at their verdict.

4. The charge as to contributory negligence, complained of in ground 7 of the motion for a new trial, was error, for the reason that there was no evidence of any negligence or want of due care on the part of the plaintiff; but the error was against the plaintiff, and the defendant will not be heard to complain of an error in its own favor.

5. In an action against a railroad company, where several different elements of damage are claimed, it is the duty of the court to explain to the jury, with respect to each element, the basis on which the assessment of damages should be made; and, where the case is a close one on the evidence, or where the amount of the recovery is apparently excessive and is reasonably attributable to a lack of such instructions, a new trial will be granted for a failure of the court to instruct the jury as to the rules of law for measuring any element of damage set forth in the petition and supported by evidence. *Southern Ry. Co.* v. *O'Bryan*, 112 *Ga.* 127 (37 S. E. 161). In the instant case, however, the charge complained of in the 8th ground of the motion for a new trial is not cause for a new trial. *Gainesville & Northwestern R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (87 S. E. 1093).

6. The court did not err in overruling the motion for a new trial.

Judgment affirmed. *Wade, C. J., and George, J., concur.*

DECIDED SEPTEMBER 13, 1917. REHEARING DENIED SEPTEMBER 24, 1917.

Action for damages; from Rabun superior court—Judge J. B. Jones. September 1, 1916.

*G. L. Bynum, R. E. A. Hamby, Sam Kimzey, Blanton Fortson,* for plaintiff in error. *McMillan & Erwin,* contra.