23974. HOLMES *v.* ATLANTA LIFE INSURANCE COMPANY.

STEPHENS, J. 1. A denial by an insurance company of liability under a life-insurance policy, and a refusal of the company to pay, made within the time required by the policy for the furnishing of proofs of death, amounts to a waiver by the company of proofs of death. Where no time is required by the policy for the furnishing of proofs of death, the proofs may be made within a reasonable time. The failure to furnish proofs of death within two weeks after the death of the insured is not as a matter of law a failure to furnish such proofs within a reasonable time; and a denial by the insurance company, two weeks after the death of the insured, of liability under the policy, and a refusal by the company to pay the claim, may, in the opinion of a jury, be a denial of liability and refusal to pay made prior to the expiration of the time which is a reasonable time within which proofs of death may be furnished. *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299) ; *National Life Ins. Co.* v. *Jackson,* 18 *Ga. App.* 494 (89 S. E. 633).

2. Where the policy provides that upon receipt of proofs of death of the insured, made in the manner required in the policy and "upon the surrender of this policy and the premium receipt book," the amount of insurance stipulated in the policy will be paid, it is not a condition precedent to the right of the beneficiary to recover under the policy, where the insurer has denied liability and refused to pay the claim, upon the ground that the policy was null and void, that the policy and the premium receipt book shall be surrendered.

3. An allegation in the petition, in a suit by the beneficiary against the insurance company, to recover on the policy for the death of the insured, that the defendant's refusal to pay was made by its "authorized agent," who was a named person in charge of the office of the defendant in the county in which the suit was filed and who solicited and solicits insurance "by said defendant, and who received applications for insurance for the defendant and received, collected and transmitted insurance premiums for the defendant, and who at all times was the chief head and principal agent of the defendant in the county," is an allegation sufficient to withstand a general demurrer upon the ground that it does not appear from the petition that the defendant "through the proper officer or agent

thereof" waived the furnishing of the proofs of death. The alleged authority of the agent is a matter for proof upon the trial.

4. A provision in the policy that no agent of the company has power in its behalf to waive any forfeiture, or to bind the company by any promises or to receive any representations or information, is no limitation upon any actual power or authority which an agent of the company may subsequently to the issuance of the policy acquire. *Western Assurance Co.* v. *Williams*, 94 *Ga.* 128 (21 S. E. 370). The allegation in the petition that the refusal by the company to pay the plaintiff's claim, which was necessarily after the issuance of the policy was made by an authorized agent of the company, is an allegation of fact that the alleged agent at the time had such authority.

5. Where a life-insurance policy provides generally for the payment of a designated sum upon receipt of proofs of death of the insured in the manner required in the policy, but provides that no benefits shall be payable when death is the result of immorality or diseases contracted prior to the issuance of the policy, or in resisting the legal execution of law or legal authority by the insured, or when death is the result of suicide, and where the company has waived the requirements for the furnishing of proofs of death and therefore any notice of the cause of death, an allegation in the petition afterwards brought by the beneficiary against the insurer to recover for the death of the insured, that the insured died upon a named date and while the policy was in force, in the absence of an allegation in the petition as to the cause of death or that death was not caused in some manner not covered by the policy, is a sufficient allegation of death within the terms of the policy. The petition is not subject to demurrer upon the ground that it does not contain allegations as to the cause of the death, and in that it does not contain allegations that the death was not due to some cause not covered by the policy.

6. The petition set out a cause of action and was good as against the demurrer interposed. The court erred in sustaining the demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided February 22, 1935.

J. T. *Colson*, for plaintiff.
W. C. *Little*, D. W. *Krauss*, for defendant.