25902.  NEW YORK LIFE INSURANCE CO. *v.* BRADFORD.

DECIDED FEBRUARY 13, 1937.

250

C. L. Cowart, A. S. Bradley, for plaintiff in error.

B. D. Dubberly, G. B. Everitt, contra.

SUTTON, J. ■ To paragraph 6 of the petition, alleging that due proof of disability had been furnished, the defendant demurred on the ground that such statement was a mere conclusion without any allegation as to what was contained in the proof or to whom made. The plaintiff then amended by setting out that the defendant had subsequently denied his claim, although by letter to the defendant, dated January 31, 1935, the plaintiff had insisted that he was still totally and permanently disabled, and offered to submit to examination by physicians and furnish any further information that might be required; and also by letter under date of February 13, 1935, again insisting that he was so disabled and unable to work, and offering to submit to any examination or furnish any desired information, but that the defendant persisted in its refusal to pay the disability benefits. The defendant demurred to this paragraph, on the ground that there was no allegation that as to the disability originating on or before January 1, 1935, as alleged by amendment, any due proof had been submitted or that any demand had been made for payments because of such disability caused by rheumatism and neuritis. The plaintiff further amended by setting out copies of the letters referred to. It is apparent that in refusing to continue payments the defendant did not have in mind any disability of the plaintiff other than that originating from a gunshot wound, as the plaintiff had not, according to the exhibits, or from any allegation in the petition, reported any disability from rheumatism or neuritis as was subsequently alleged by amendment to have arisen "on or

before January 1, 1935," and to have existed since. Nevertheless the defendant did know, as shown by the letters from the plaintiff, that the latter was claiming to be still disabled. If he was totally and permanently disabled from the original gunshot wound, or totally and permanently disabled because the disability had continued by reason of aggravation by rheumatism and neuritis, or totally and permanently disabled because of rheumatism and neuritis independently of the gunshot wound, he was so disabled as to be entitled, under the policies, to the monthly payments upon complying with the terms of the policy as to furnishing due proof, or if, upon being notified by the plaintiff that he was totally and permanently disabled within the meaning of the policies, the defendant refused to make payment, without predicating its refusal upon any failure of the plaintiff to make proof upon demand by the defendant. "Every insurer shall have a right to prescribe regulations as to notice and preliminary proof of loss, which shall be substantially complied with by the assured: provided, the same shall be made known at the time of the insurance, and shall not be materially changed during the existence of the contract. An absolute refusal to pay shall waive a compliance with these preliminaries." Code, § 56-831. *Harp* v. *Fireman's Fund Insurance Co.*, 130 *Ga.* 726, 730 (61 S. E. 704, 14 Ann. Cas. 299); *National Life Insurance Co.* v. *Jackson,* 18 *Ga. App.* 494 (89 S. E. 633); *Holmes* v. *Atlanta Life Insurance Co.*, 50 *Ga. App.* 622 (178 S. E. 766); *Patrick* v. *Travelers Insurance Co.*, 51 *Ga. App.* 253, 256 (180 S. E. 141). Under the allegations as amended, it was not necessary for the plaintiff to furnish proof of loss before beginning suit, it being shown that the defendant had made a declaration of recovery and had refused to pay the claim, without predicating its refusal on the failure of the plaintiff to furnish proof of his alleged disability. The court did not err in overruling this ground of the demurrer.

It is also contended by the demurrer that by amending paragraph 6 and setting up that "on or before January 1, 1935," the plaintiff became disabled from other and additional ailments, the said ailments consisting of rheumatism and neuritis, causing the plaintiff to be totally and permanently disabled, and preventing him from engaging in any occupation or performing any work for remuneration or profit, he thereby alleged a new cause of action.

"Facts, alone or in conjunction with purely substantive law, do not give a right of action, but are alleged in order to show a wrong which has called into operation the remedial law which gives the right of action. The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing,* therefore, which in contemplation of law as its *cause,* becomes a ground for action, is *not* the group of *facts* alleged in a declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively . evince.'* Sibley, 'Right to and Cause for Action, 48. Different facts may be alleged, separately or cumulatively, to show the same wrong, and the number and variety of the facts alleged will not make more than one cause of action, so long as but one wrong is shown. A single wrong will not be made plural by alleging that it is made up of a number of constituent parts." *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 792 (48 S. E. 318). The wrong complained of in the petition is that the defendant has violated the right of the plaintiff under the policies to be paid certain monthly disability payments by the defendant in the event of total and permanent disability. The petition alleges that he became totally and permanently disabled in 1933, and has continued to be so disabled within the meaning of the terms of the contracts of insurance, and that he was so disabled at the time of the filing of the petition on October 20, 1935. By amendment he fixed the beginning of such disability as October 21, 1933, at which time, according to his allegations, he suffered a serious fracture of the right thigh bone, and that due proof was submitted to and accepted by the defendants, who thereupon made regular disability payments of $29.22 per month until January 1, 1935. He further alleges by the amendment that on or before January 1, 1935, he became totally and permanently disabled from rheumatism and neuritis. It is clear that the plaintiff is setting up that he has been totally and permanently disabled since on or before January 1, 1935, to the date of the filing of the petition; that he claims such disability by reason of bodily injury and disease arising from a fracture of the right thigh bone, and that he also claims such disability by reason of bodily injury and disease arising from rheumatism and neuritis. In other words, he asserts a state of continuing disability throughout one period,

although arising from multiple causes. The basis of his claim is the alleged total and permanent disability, however it may be explained. "So long as the facts added by the amendment, however different they may be from those alleged in the original petition, show substantially the same wrong in respect to the same transaction, the amendment is not objectionable as adding a new and distinct cause of action." *City of Columbus* v. *Anglin,* supra. The amendment in the present case did not add a new cause of action. That this is true may be tested by several considerations. One illustration will suffice. Suppose that the plaintiff had proceeded only on the theory that his disability was brought about by the fractured thigh, that he had been paid monthly disability payments of $29.22 up until the trial of the case, and suppose further that the insured had later brought a suit for disability payments alleged to be due for the same period because his disability arose out of bodily injury and disease caused by rheumatism and neuritis, could any one contend seriously that the suit might be maintained? Obviously not. But if it could be said that the facts set up two causes of action, two wrongs done to the plaintiff, he would not be debarred, by being paid in the first instance, from maintaining the suit in the second instance. In the present case the plaintiff set up one wrong, nothwithstanding that he set up different facts to illustrate his disability; and the court did not err in overruling the demurrer on the ground that the amendment added a new cause of action.

■ The defendant demurred to the allegations that the plaintiff was entitled to recover premiums amounting to $82.79, on the ground that it did not appear therefrom that he was entitled to recover such premiums. The Code, § 20-1007, provides: "Payments of taxes or other claims, made through ignorance of law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." See also *New York Life Insurance Co.* v. *Williamson,* 53 *Ga. App.* 28 (184 S. E. 755). It not appearing from the allegations of the petition

that the plaintiff paid the premiums under any of the conditions named in the authorities cited as justifying recovery, the court erred in overruling this ground of the demurrer.

■ Another ground of the demurrer complained that the allegation that the defendant acted in bad faith was a conclusion of the pleader, not based on the pleaded facts, and that the plaintiff was not shown to be entitled to attorney's fees; it being contended that if the petition as amended failed to allege that due proof of the "newly claimed illness" had ever been submitted, the allegations as to bad faith must fall. Where a state of disability once exists, it is immaterial, as to the fact of its continuance, whether such continuance is caused by the original bodily injury or disease or by other and distinct bodily injury or disease. And "in a suit on a health and accident policy, which contains provisions that give to the insurer the right to demand proofs of the continuance of a total disability once acknowledged by the company and on which it is paying benefits, it is not necessary to allege that such proofs of continued disability have been furnished. The demand for such additional proofs and the refusal to comply with it is a matter of defense." *Guardian Life Insurance Co.* v. *Snow,* 51 *Ga. App.* 280 (180 S. E. 241). It was alleged in the petition, in aid of the allegation of bad faith, that on two occasions the plaintiff advised the defendant by letter that he continued to be totally and permanently disabled, offering to submit to physical examinations or furnish any desired information; but that the defendant refused to continue the disability payments, such refusal not being predicated on any failure of the plaintiff to furnish due proof. Under these circumstances it was for the jury to say whether or not the refusal was in bad faith, and whether attorney's fees should be allowed. Code, § 56-706; *Continental Aid Association* v. *Hand,* 22 *Ga. App.* 726 (2) (97 S. E. 206); *Central Manufacturers Mutual Insurance Co.* v. *Graham,* 24 *Ga. App.* 199 (4) (99 S. E. 434); *New York Life Insurance Co.* v. *Williamson,* supra. The court did not err in overruling this ground of the demurrer.

■ Error is assigned on this charge of the court to the jury: "Now he alleges total disability. Now total disability has been defined that total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment

on which he depends for a living. When the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work. Total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner. Total disability does not mean absolute physical inability to work at one's occupation, or to pursue some occupation for wages or gain; but it exists if the injury or disease of the insured is such that common care and prudence require that he desist, and he does in fact desist, from transacting his business. In such cases total disability exists." It is contended that this charge was calculated to mislead and did mislead the jury into believing that if total disability was proved the plaintiff would be entitled to recover, regardless of whether the disability was permanent or temporary, and that the court should have instructed the jury that the plaintiff would be entitled to recover only in the event such total disability was permanent, such error not being cured elsewhere in the charge; and that it was error in that, having used the language just quoted, the court immediately charged the jury that "Total disability, irrespective of the technical variations in the language employed, should be given a rational and practical construction. The phrase is a relative term, depending upon the circumstances and peculiar facts of each case, and is usually a question of fact to be determined by the court or jury trying the case;" it being contended that the charge first quoted, taken in connection with that last quoted, unnecessarily and favorably stressed the charge in favor of the plaintiff. The quoted portion of the charge as to total disability was a correct definition as laid down in *Cato* v. *Ætna Life Insurance Co.*, 164 *Ga.* 392 (138 S. E. 787), and was not erroneous for any reason assigned.

■ Error is assigned on this charge of the court: "Now, gentlemen, on the question of notice. A refusal without making known the fact that it is predicated upon the failure to furnish proof of loss, or some specific ground other than a denial of all liability, will be construed to be an absolute refusal. If the company fails to pay because of failure to furnish proof of loss, good faith requires that it make this fact known. An absolute refusal by the insurer to pay, made before the expiration of the time

within which the insured had to furnish proof of disability, will be a waiver thereof; but such refusal made after such time had expired will not be a waiver." The charge was not error, and the assignment of error is controlled by the ruling and the authorities cited in the first division of the opinion.

■ Error is assigned on the charge: "Now, gentlemen, those are the two main questions in this case. Now the contention of the plaintiff is that he was totally disabled at a certain time, you will remember from the testimony, and that the company paid him benefits for his disability for a certain length of time, and, without giving him any reason therefor, they ceased and refused to continue those payments. He goes further and contends that, while they refused to pay, he was making demand for payment for his disability. Now it is contended that the policies specify that if they pay for a certain length of time, total disability is presumed, and permanent disability is presumed; and it is alleged that condition was in this policy and in this case. It is further contended on the part of the plaintiff that while he was totally and permanently disabled he made certain payments of premiums to the company, which were waived in his contract of insurance by reason of his total and permanent disability, and that he is entitled to have that paid back to him. He goes further than that and alleges that the company has shown bad faith, and they not only refused to pay after demand was made and they did not demand strict proof, or any proof, of disability and forced him in the maintenance of his rights to employ counsel and go into the courts and file suit to collect the sums alleged, and, therefore, that he is entitled to attorney's fees." It is contended that the statement of the contentions of the plaintiff were not based on any proved facts, and was erroneous because: "(a) All of the evidence clearly establishing the fact that the plaintiff had been originally disabled due to a fractured thigh bone, that disability benefits had been paid for a period of time and the letters of the defendant pleaded and introduced in evidence clearly showed that the defendant had discontinued the payment of benefits by reason of its claim that there had been a recovery from the disability due to the cause above named, and such letters had been received by the plaintiff. (b) The statement that, if the defendant paid for a certain length of time, disability is presumed, is contrary to the terms of the

policy sued upon, which simply provides that if total disability continues for a period of three months it shall be presumed to be permanent. (c) The charge and statement of the contentions of the plaintiff unduly stressed such contentions, not accompanied by a corresponding presentation of the contentions of the defendant." In stating the contentions as quoted above, the court erred in the following respects, but not otherwise: (a) In stating that "It is contended that the policies specify that if they pay for a certain length of time, total disability is presumed, and permanent disability is presumed; and it is alleged that condition was in this policy and in this case." The policies, as shown by the exhibits attached to the petition, did not provide, and the plaintiff did not contend, as stated by the court, that total and permanent disability would be presumed "if the defendant paid for a certain length of time." The policies provided: "Section 1.—Disability benefits." "1. Total disability.—Disability shall be deemed to be total whenever the insured is wholly disabled by bodily injury or disease, so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit. 2. Permanent disability.—Disability shall be presumed to be permanent, (a) whenever the insured will presumably be so totally disabled for life; (b) after the insured has been so totally disabled for not less than three consecutive months immediately preceding receipt of proof thereof." Under the quoted excerpt of the charge, the jury might have been misled into erroneously believing that the plaintiff contended, and that the policies provided, that total and permanent disability would be presumed to exist "if the defendant paid for a certain length of time," which was clearly erroneous and harmful to the defendant, putting upon it a burden, not required by law, of overcoming a presumption that did not exist. (b) In stating the contentions of the plaintiff as to recovery of premiums paid by him under the circumstances alleged in the petition. Under the ruling in the second division of the opinion, this contention should have been eliminated from the consideration of the jury. The court erred in overruling this ground of the motion in the respects mentioned.

The assignment of error on the charge as to recovery of certain premiums voluntarily paid by the plaintiff to the defend-

ant is meritorious, and is controlled by the ruling in the second division of the opinion.

■ Error is also assigned on the failure of the court to charge as to the burden of proof, and to charge the definition of "preponderance of the evidence." In the absence of a timely request it is not error for the court to fail to charge as to the burden of proof. *Brooks* v. *Griffin*, 10 *Ga. App.* 497 (5) (73 S. E. 752); *Askew* v. *Amos*, 147 *Ga.* 613 (5) (95 S. E. 5). The same rule applies as to the failure of the court to define the meaning of "preponderance of evidence." *Tallulah Falls Railway Co.* v. *Taylor*, 20 *Ga. App.* 786 (2) (93 S. E. 533); *Day* v. *Bank of Sparks*, 26 *Ga. App.* 718 (107 S. E. 272); *G. S. & F. Railway Co.* v. *Young Investment Co.*, 119 *Ga.* 513 (2) (46 S. E. 644); *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (4) (71 S. E. 887); *Caison* v. *State*, 171 *Ga.* 1, 9 (154 S. E. 337).

■ Inasmuch as the case is remanded for another trial on account of the errors referred to in the foregoing opinion, it is unnecessary to rule on the general grounds of the motion for new trial.

*Judgment reversed. Felton, J., concurs. Stephens, P. J., disqualified.*