32386. ROBERTS *v.* EMPLOYERS INSURANCE COMPANY OF ALABAMA.

D<small>ECIDED</small> J<small>UNE</small> 14, 1949. R<small>EHEARING</small> <small>DENIED</small> J<small>ULY</small> 12, 1949.

*Franklin, Eberhardt & Barham,* for plaintiff.

*McDonald & McDonald,* for defendant.

MacINTYRE, P. J.  1.  "The cardinal rule of construction [of contracts] is to ascertain the intention of the parties" (Code, § 20-702), and "the construction of a contract is a question of law for the court" (§ 20-701), but an ambiguity in a contract is resolved by determining the intention of the parties, which is a question for the jury. *Summerour* v. *Pappa,* 119 *Ga.* 1 (4) (45 S. E. 713). The policy of insurance sued on does not appear in the record. The plaintiff alleged that it was in the possession of the defendant and gave notice in her petition for the defendant to produce it, but if it was produced, it was not included in the record for this court's consideration. We must construe the policy, therefore, solely in the light of what appears from the petition to have been provided for therein. The word "dependent" has no precise or definite general legal meaning. Its definition is ephemeral and fluid, its meaning being as conformable to the circumstances in which it is used as a fluid is conformable to the shape of its container. Counsel speak of the question of dependency in this case as being novel in this State. It is novel in this: in the decisions under the death, workmen's-compensation, and fraternal-benefit-society statutes the question involved is the payment of insurance, benefits, or compensation *to the dependent for the death or injury of the insured or obligor,* whereas in this case the question involves the payment *to the insured or obligor of the insurance for the death of the dependent* (who is likewise insured under the same policy). The decisions upon the question of dependency are numerous in this State, and the recovery or denial of recovery for the death of the dependent's benefactor or obligor have been as numerous as the facts of dependency have been varied.

It is to small purpose to engage in a discussion of a husband's duty, under the law (Code, § 53-510), to support his wife. That may be conceded, as it is indisputably the law, and yet the concession offers no answer to the question of dependency. Common experience has demonstrated, and we see cases in ever-increas-

ing numbers where for one reason or another the husband may not in fact support the wife. Indeed, there are numerous cases where the wife furnishes the entire support of the husband. The wives are too numerous, who from love, affection, or other reasons personal to themselves, by their own efforts and without complaint maintain their husbands through prolonged sieges of illness, financial reverses, or other fortuitous circumstances; and too many wives and husbands have only by their combined efforts maintained their mutual livelihood, to say that a husband cannot be, as a matter of law, a dependent of the wife. The question of a husband's legal duty to support his wife may be raised only by the wife either directly or indirectly. "Where dependents are among those named as eligible to become beneficiaries, it is often necessary to determine who will fall within that description. A limitation of this character should be liberally construed." Cooley's Briefs on Insurance (2nd ed.), p. 1332; and see L. R. A. 1917F, 398. Construing the policy most strongly against the insurer, as the court must do under a well-settled principle of law, the word "dependent," as used in the policy, means actually (in fact) dependent to a partial extent or degree and not legally dependent in the sense that there is any legal obligation imposed, either at common law or by statute, upon the wife to support the husband—there, of course, being none. Actuality of dependency, not dependency growing out of a legal duty to support, is the test. The question of dependency is one of fact in this particular case, and should have been left to the determination of the jury. See *Smith* v. *Travelers Ins. Co.*, 71 *Ga. App.* 24, 26 (29 S. E. 2d, 709) ; *Scott* v. *Torrance*, 69 *Ga. App.* 309 (25 S. E. 2d, 120) ; *Sovereign Camp of the Woodmen of the World* v. *Warner*, 25 *Ga. App.* 449 (103 S. E. 861).

The question remains, however, whether or not the petition sufficiently alleged that the husband was dependent upon the plaintiff wife. We think that we can say with almost perfect certainly that, when the plaintiff contracted with the defendant to insure her and "any dependent member of plaintiff's immediate family [who] should be killed as a result of an automobile accident described in said policy," she did so with reference to her own situation and that of her immediate family, and that such was also the intention of the insurance company

in writing the insurance, and if, as a matter of fact, the husband was dependent upon the plaintiff, he was included in the term "dependents of the immediate family." The theory of the petition of the plaintiff, who was the beneficiary under the terms of the policy, was that the husband was a dependent member of the plaintiff's immediate family, and that he was killed as a result of an automobile accident described in the policy of insurance. Relevant to alleging dependency within the meaning of the terms of the insurance policy, a simple direct statement in the petition that the husband was a dependent member of the beneficiary's (the plaintiff's) immediate family would have been sufficient (see, in this connection, *Lewis* v. *Amorous*, 3 *Ga. App.* 50, 59 S. E. 338); and where the basis of the general demurrer was that the facts alleged in the petition did not show that the husband was a dependent member of the plaintiff's immediate family within the meaning of the insurance policy, a mere general allegation that he was dependent upon her would have of itself been sufficient as against such general demurrer, in the absence of specific allegations of fact negativing the general allegation, in which event the specific allegations would prevail. For analogous cases, upon principle, see *McClure Ten Cent Co.* v. *Humphries*, 29 *Ga. App.* 524 (116 S. E. 54); *Daniel* v. *Excelsior Auto Co.*, 31 *Ga. App.* 621 (121 S. E. 692); *Ogletree* v. *MacDougald Constr. Co.*, 45 *Ga. App.* 128 (163 S. E. 320). We think that there are no allegations which negative the plaintiff's general allegation of the husband's dependency at the time of the accident, and that the court erred in sustaining the general demurrer.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

ON MOTION FOR REHEARING.

MacIntyre, P. J. Code § 56-706 provides for the payment of a penalty of not more than 25 percent on the liability of an insurance company and reasonable attorney's fees for the prosecution of the case against the insurance company, "Provided, it shall be made to appear *to the jury* trying the case that the refusal of the company to pay said loss was in bad faith." (Emphasis added.) Since the court is unable to say what the evidence will show on the question of the company's bad faith in refusing to pay the claim, and since this is a question peculiarly

within the province of the jury, the court erred in sustaining the demurrer to so much of the petition as prayed for the penalty and reasonable attorney's fees (Paragraph 15). See *New York Life Ins. Co.* v. *Williamson,* 53 *Ga. App.* 28, 37 (184 S. E. 755); *New York Life Ins. Co.* v. *Bradford,* 55 *Ga. App.* 248, 258 (189 S. E. 914); *Liberty Mutual Ins. Co.* v. *A. C. L. R. Co.,* 66 *Ga. App.* 826 (19 S. E. 2d, 377).

*Motion for rehearing denied. Gardner and Townsend, JJ., concur.*