### 38115. HUGHES *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

GARDNER, Presiding Judge. 1. Under a policy of insurance defining an insured as "any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use is by the named insured or such spouse or with the permission of either," where it is alleged that the plaintiff, while driving the automobile with the permission of the owner, collided with a pedestrian who thereafter filed an action against him and the owner of the vehicle; that the insurance company after notice refused to defend the case and refused to take any steps toward a proposed settlement, and the plaintiff then settled the case by a consent judgment and now seeks to recover the amount from the insurance company, such allegations state a cause of action. The allegation that the plaintiff was driving with permission of the insured is sufficient as a statement of fact to bring his case within the provisions of the policy, and he need not negative any exception to these provisions, as this is a matter of defense. *Gulf Life Ins. Co.* v. *Davis,* 52 *Ga. App.* 464 (1), 465 (183 S. E. 640). See also *Holmes* v. *Atlanta Life Ins. Co.,* 50 *Ga. App.* 622 (5) (178 S. E. 766) and 46 C. J. S. 341, "Insurance," § 1291. The general demurrer and special demurrers numbered 2, 3, 7, 8, 9, 10, 22, and 29 through 31, were erroneously sustained.

The trial court apparently sustained a general demurrer to the petition on the theory that it, construed against the pleader, affirmatively showed that the plaintiff, as the employee of a garage which was servicing the automobile, came within a policy exclusion clause and was therefore not an insured within the terms of the policy. This fact does not appear from the plaintiff's petition. The matter was alleged only in the petition of the third party who sued this plaintiff, and that petition was attached as an exhibit in this case only for the purpose of showing that there was a pending action which it was necessary for the plaintiff to defend or settle after the in-

surance company refused to do so. The plaintiff, however, is not bound by the statements of his adversary as to his status any more than he is bound by other statements as to the amount of his liability or any other matter in the case against him. Accordingly, the matter is not one which can be decided on demurrer, but must await determination on the trial if the defendant insurer also takes the position that this plaintiff is not insured because he was, as a matter of fact, acting within the scope of his employment as a garage mechanic at the time.

2. Demurrers 4, 5, 6 and 13 which attacked the petition because there was not attached to it a copy of the insurance policy and the action filed against the plaintiff were erroneously sustained after these defects were remedied by amendment attaching the documents in question.

3. Allegations of fact as to the nature and extent of the injuries suffered by the pedestrian whose claim had been settled by the plaintiff are pertinent to this action. The plaintiff is suing to recover the amount of a settlement made by him, and the obligation of the defendant is to pay damages which the plaintiff is legally obligated to pay. The damages, of course, depend upon the injuries received insofar as the amount is concerned. Special demurrers 11 and 12 were improperly sustained.

4. Demurrers 14, 15 and 16 to paragraph 13 of the petition were properly sustained. The plaintiff fails to show whether his demand on the defendant was oral or in writing, and although he mentions a letter of the defendant signed by a duly authorized agent, thus showing that this information is possessed by him, he fails to identify the agent or substantially set forth the contents of the letter. For the same reason, grounds 20, 21 and 24 of the demurrer were properly sustained.

5. Demurrers number 17, 32, 34 and 36 complain that the plaintiff alleged in various places that the defendant "neglected" to defend the lawsuits in question, and thus charges the defendant with negligence, in conflict with pleaded averments of fact which affirmatively show that the defendant "refused" to defend the actions on the ground that it was not bound to do so under the terms of the policy. While "refusal" is a word connoting voluntary action and "neglect" is a word connoting mere passive failure to do that which ought to be done, the liability of the defendant if it exists, is the same in either event and the use of the word is immaterial. But, since the

defendant is correct in its contention that the facts alleged show a voluntary refusal by it to defend the claim, the judgment of the trial court sustaining these special demurrers shows no error.

6. Special demurrer 23 was properly sustained because the allegation attacked merely alleges that the plaintiff "felt that it was to his best interest and entirely reasonable that the claims for the injuries to said infant be settled for the amount hereinbefore stated," and thus alleged merely his opinion that the settlement was advisable, but failed to allege as a fact that the settlement was reasonable and to his best interest. The liability of the defendant must be determined by the truth of the statement, not by the plaintiff's opinion as to its truth.

7. The remaining grounds of demurrer deal with the plaintiff's allegations as to attorney fees which it was necessary for him to pay to settle the pending litigation because of the defendant's failure to defend the same for him, the amounts paid out, the demand for reimbursement against the defendant, the defendant's refusal, and the statement that such refusal, being in bad faith, entitles him to the statutory penalty. Since the policy is pleaded and shows on its face that the defendant, if it should have defended the action, would be liable for the costs of defense including court costs and attorney fees, and since if the defendant's refusal to undertake this duty was in bad faith within the meaning of Code § 56-706 it would be liable for such costs also, special demurrers 26, 27, 28, 30, 33, 35, 37, 38 and 39 were improperly sustained. Had the trial court been correct in its ruling on the general demurrer, of course these demurrers would have been properly sustained on the theory that the paragraphs attacked failed to set out a cause of action for the items of damage therein set forth.

The trial court did not err in sustaining special demurrers 14, 15, 16, 17, 23, 32, 34 and 36. It was error to sustain the remaining general and special demurrers and to dismiss the petition.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur.*

Decided March 17, 1960—Rehearing denied April 1, 1960.

*Hurt, Gaines, Baird, Peek & Peabody, William W. Horton,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* contra.