**51247, 51248. FALLS v. FICKLING et al.; and vice versa.**

MARSHALL, Judge.

Plaintiffs below (Fickling, father and son) appeal from the denial of their motion for summary judgment on Counts 1 and 2 of their petition and from the denial of their motion to strike each and every defense filed in defendant's (Falls) restatement of defensive pleadings (case No. 51248). Falls appeals from the order granting plaintiffs Ficklings' motion for summary judgment as to Falls' first counterclaim (case No. 51247). Both appeals were certified for immediate review. The original suit was upon two promissory notes signed by Falls and delivered to the Ficklings. Falls' first counterclaim was for an accounting and distribution of assets arising out of alleged partnership business. *Held:*

The record adequately reflects that Falls has asserted a valid and legally admissible partial defense to the promissory notes under litigation if believed by a jury and likewise he has stated a valid claim on the first counterclaim which, if established, would entitle him to relief. *Raven v. Dodd's Auto Sales &c.,* 117 Ga. App. 416 (160 SE2d 633); *Gibbs v. H. T. Henning Co.,* 189 Ga. 675 (7 SE2d 238); *Farmers Warehouse of Pelham v. Collins,* 220 Ga. 141 (137 SE2d 619); *White &c. Lumber Co. v. Foster,* 157 Ga. 493 (122 SE 29); *Nelson v. Spence,* 129 Ga. 35 (58 SE 697); *Floyd v. Kicklighter,* 139 Ga. 133 (76 SE 1011); *Y.M.C.A. v. Estill,* 140 Ga. 291 (2) (78 SE 1075); *Summerour v. Pappa,* 119 Ga. 1 (4) (45 SE 713).

Furthermore, a review of the record shows genuine issues of material fact to be resolved. Therefore, the court was correct in denying the motion for summary judgment as to Counts 1 and 2 of plaintiffs' petition but erred in granting plaintiffs' motion for summary judgment as against defendant's first counterclaim. *Roberts v. Employers Ins. Co. of Alabama,* 79 Ga. App. 611 (54 SE2d 465); *Raven v. Dodds Auto Sales &c.,* supra.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Webb, J., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED JANUARY 22, 1976.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Jerome L. Kaplan,* for appellant.
*Hall & Bloch, Ellsworth Hall,* for appellees.