R. R. PORTER *v.* CITY OF WATER VALLEY.

MUNICIPALITY.    *Validity of ordinance.   Power.   Retailing meats.*

> Under a charter giving the right " to regulate the vending of meats brought into the city for sale," and "to license, tax and regulate butchers," a municipality may adopt ordinances to prevent the retailing of fresh meats from 4 o'clock P.M. to 9 A.M., except by persons licensed.

FROM the circuit court of the second district of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

Appellant was convicted in the mayor's court of a charge of violating an ordinance of the city of Water Valley. He appealed to the circuit court and was again convicted. Hence this appeal.

Section 1 of the ordinance in question, which the appellant violated, makes it unlawful for any person to sell fresh meats by retail within the corporate limits between the hours of 4 o'clock P.M. and 9 A.M. of the next day. Section 2 provides that any person desiring to keep a market, or a place to retail

fresh meats, shall make written application to the board of
mayor and aldermen for a permit, which the board is author-
ized to grant upon such terms as may be determined for the
best interests of the city, it being empowered to refuse any
application the granting of which may be regarded as detri-
mental to the welfare of the city.  Section 3 provides that no
such permit to keep a market-place shall issue to any one
who has not obtained a license authorizing him to carry on
the business of a butcher within the city limits.

Under an act to amend the charter of Water Valley, ap-
proved March 18, 1884 (Laws, p. 751), the board of mayor
and aldermen, among other things, is given power by ordi-
nance " to regulate the vending of meats brought into the
city for sale," and " to license, tax and regulate butchers," etc.

The agreed statement of facts shows that the appellant
kept a meat-market and sold fresh meats within the corpo-
rate limits, having a slaughter-house just outside; that he
applied to the board of mayor and aldermen for a permit, as
required by the ordinance, which application was refused,
because he had not taken out a butcher's license, which license
could be obtained by any one on the payment of $20.  Ap-
pellant refused to pay the $20, except under protest, and
thereupon the board refused to grant him a permit.

*Kimmons & Chapman*, for appellant.

The ordinance under which appellant was convicted is
void, because of the want of power in the board to enact it.
The act of 1884 does not give power to tax meat-markets
and market-places.  The power to tax is never to be inferred,
but must be given in terms.  Dillon on Mun. Corp., §§ 357,
361, 763, 768; 35 Miss., 189; 58 *Ib.*, 748.

It was not competent for the board to reserve the power to
pass upon applications, and arbitrarily reject the application
of any person for a permit to do a lawful business.

The ordinance is for the collection of revenue, and is not a
police regulation.  It is unreasonable in providing that no

permit shall be issued thereunder to any one who had not obtained a butcher's license. The most suitable person might desire to sell meats without carrying on the business of a butcher.

The ordinance either restrains trade and gives a monopoly, or it collects a tax indirectly which the city has no power to impose. In either view, it is void. Dillon on Mun. Corp., §§ 323, 324. It also contravenes a common right. Not even the legislature has the power to prohibit following a lawful pursuit without the payment of a privilege tax to follow another. *Ib.*, § 325.

Though the revenue is collected indirectly, it is, nevertheless, a tax. *Ib.*, § 768.

Where there is a fair and reasonable doubt as to whether the power to tax is given, the doubt is resolved against the corporation. Dillon on Mun. Corp., § 89; 35 Miss., 89.

*I. T. Blount*, for appellee.

Under § 3 of the act of 1884 (Laws, p. 751), the city had ample power to pass the ordinance in question.

CAMPBELL, C. J., delivered the opinion of the court.

The grant by the charter of the right "to regulate the vending of meats . . . brought into the city for sale," and "to license, tax and regulate butchers," etc., authorized the adoption of appropriate ordinances to prevent the retailing of meats from 4 P.M. to 9 A.M., except by persons duly licensed therefor. 1 Dillon on Mun. Corp., §§ 385, 386, and notes, 4th ed. While agreeing with counsel for appellant in much that is urged on the general question, we find no fault with the ordinances assailed, and the judgment is—

*Affirmed.*