## BROWN v. GEORGIA, CAROLINA AND NORTHERN RAILWAY COMPANY.

1. The court at the trial may dismiss a petition, if so defective that after verdict a motion in arrest of judgment would be sustained, but it can not consider special demurrers not filed at the appearance term.

2. A railroad company is only bound to keep open its waiting-room for a reasonable time before and after the departure of trains; and ticket-holders, permitted to remain therein during the night, have no cause of action for cold and discomfort suffered because the same is not kept heated and lighted.

3. It was alleged that the plaintiff bought, from the agent of a railroad company, tickets for himself and wife, entitling them to transportation on a particular train soon due to stop at the station; that they stood in the rain alongside the track, waiting for such train, which passed without stopping, thereby occasioning a breach of the contract of carriage; that there were no accommodations available except in the station-house, in which they were permitted to remain for the night; and that, by reason of the exposure and the condition of the waiting-room, the plaintiff's wife was rendered ill, and he thereby deprived of the value of her services, and put to expense for medical attention. Such a petition set forth a cause of action.

4. The gist of such action was not the failure to furnish and maintain a comfortable depot building, but for consequences arising from exposure incident to the failure to transport, and in spite of the plaintiff's use of the waiting-room, which was the only means available to lessen the damages.

Argued October 30, — Decided November 28, 1903.

Action for damages. Before Judge Proffitt. City court of Elberton. February 13, 1903.

The petition alleged: On February 24, 1902, the plaintiff carried to the defendant's railway station at Heardmont a quantity of household goods, to be shipped to McCormick, South Carolina. The agent in charge of the station said that he had no scales on which to weigh them, but would ship them the next day. The plaintiff then bought for himself and his wife two tickets from Heardmont to Calhoun Falls, telling the agent that they would go on the local freight-train due at Heardmont about five o'clock p. m., which carried passengers. That train was accustomed to stop at Heardmont for both passengers and freight, and always stopped there when signaled. It arrived after dark. The agent signaled the engineer to stop, and the train, in reply to the signal, diminished its speed as if about to stop, but, before reaching the point where the agent had instructed the plaintiff and his wife to

board it; the speed was increased, and it failed to stop. It was cold and raining, and they were chilled and wet by reason of having to stand exposed near the track for the purpose of boarding the train, as the agent had instructed them to do. On account of the failure of the train to stop, they were compelled to spend the night and until noon the next day in the waiting-room of the station. The weather was excessively cold, the rain heavy and continuous, and the waiting-room uncomfortable; and though the plaintiff did his best to keep up a fire with such wet wood as he could find, they suffered severely. They were strangers in Heardmont, and the agent had informed them that there were no accomodations to be had there. The agent left the depot, and the plaintiff had no means of knowing when the night passenger-train would arrive, so as to signal it to stop. By reason of the darkness, severe cold, and rain, the plaintiff was unable to make any other arrangement for himself and his wife than the waiting-room afforded; and, in consequence of the negligence of the employees of the railway company in not stopping said freight-train, he and his wife were forced to undergo the cold and discomforts as aforesaid; by reason of which she was taken seriously ill and has never recovered her health. Said illness and her resulting bad health were caused by the negligence of the railway company's agents; and by its negligence aforesaid resulting as aforesaid, and on account of the injury of her health, the loss of her services, his mental anguish on account of her suffering during said night when he was powerless to get relief for her, and on account of her subsequent suffering, and on account of his own physical suffering and annoyance caused by the railway company's negligence as aforesaid, he has been injured in the sum of $1,000. Said household goods were never shipped, and remained in the depot until the latter part of March, when the plaintiff had to haul them away. Because of the failure to ship them, he and his wife had to undergo further inconvenience and discomfort, and her illness was aggravated; and, on account of her increased illness, loss of time and help, his mental anguish on her account, and his own discomfort and annoyance, he has been damaged in the additional sum of $500.

At the trial term the defendant made a motion to dismiss the petition, because no cause of action was set forth. The motion was sustained; and subsequently, over the plaintiff's objection, the

court allowed the defendant to put its motion in writing, in the form of a demurrer, which was sustained. The plaintiff excepted.

*George C. Grogan* and *Ira C. VanDuzer*, for plaintiff. Failure to stop: 89 *Ga.* 550. Plaintiff was in law a passenger: 80 *Ga.* 19; 58 *Ga.* 461; 108 *Ga.* 84; 109 Ga. 794; Hopk. Pers. Inj. 143. Failure to ship household goods: 90 *Ga.* 810; 89 *Ga.* 260. Failure to provide proper accommodation: 80 *Ga.* 527; 82 *Ga.* 54; 75 *Ga.* 331; 66 *Ga.* 746. Demurrer too late: 53 *Ga.* 120; 84 *Ga.* 174; 89 *Ga.* 601; 90 *Ga.* 695; 95 *Ga.* 78; 101 *Ga.* 730; Hopk. Pers. Inj. 520. Special demurrer necessary to raise objection that damages alleged are too remote: 60 *Ga.* 149, 164; 102 *Ga.* 817. Petition good in substance, or in part, not dismissed on general demurrer: 91 *Ga.* 531; 92 *Ga.* 398; 79 *Ga.* 164; 111 *Ga.* 870.

*Erwin & Erwin, J. N. Worley*, and *H. J. Brewer*, for defendant. Demurrer not too late: 95 *Ga.* 85. Proximate cause of injury, weather, not failure to stop train; damages too remote: Civil Code, § 3912; 103 *Ga.* 847; 92 *Ga.* 760; 105 *Ga.* 100; 106 *Ga.* 176; 110 *Ga.* 280; 111 *Ga.* 528. Negligence not contributing to injury counts for nothing: 73 *Ga.* 746; 63 *Ga.* 291; 75 *Ga.* 661.

LAMAR, J. Railroad companies are bound to provide reasonable accommodations at their stations for passengers who are invited to travel on their roads; and will be liable for such damages as proximately flow from a violation of this duty. The character of the accommodations required, of course, varies with the amount of business done at a particular point; and the company might be relieved altogether of the obligation to furnish depots at flag-stations, or points where trains stop for the accommodation of occasional travelers. But even where waiting-rooms are maintained, the company is only required to keep them open for a reasonable time before and after the departure of trains. *Central Ry. Co.* v. *Motes,* 117 *Ga.* 923; Civil Code, § 2189; Caterham R. Co. v. London Ry., 87 Eng. C. L. R. 409; Boothby v. Grand Trunk R. Co., 34 Atl. Rep. 57; Texas & Pac. R. Co. v. Cornelius, 30 S. W. Rep. 720; Texas & Pac. R. Co. v. Pierce, 30 S. W. 1122; Wrightman v. Louisville Ry. Co., 70 Miss. 560. The allegation that the room was not kept comfortable during the entire night, therefore, of itself gave rise to no cause of action. The agent having, however, sold

tickets entitling plaintiff and his wife to be transported on a particular train, they became passengers and entitled to their rights as such; and when the train passed without stopping, there was a breach of the contract.   But they could not stand alongside the track until the next train arrived, and recover damages for the results of the exposure; for they were bound to lessen their damages (Civil Code, § 3802) and to seek the most available shelter. If the waiting-room was, as alleged, the only place where they could stay for the night, and if, in spite of utilizing such means as were feasible, the plaintiff's wife was made sick and her services lost, the husband is entitled to a verdict, not for the failure to keep the waiting-room heated after hours, but for the damages which resulted from the company's failure to transport them on the train agreed.     The condition of the waiting-room is not the gist of the action, but is set out to show that damage resulted from the failure to convey, notwithstanding the fact that the parties took advantage of such accommodations as were at hand.     Where a passenger is left at an improper place, in consequence of which he suffers injury, the same rule applies as in cases where a passenger has been carried past his destination.     In either instance he is entitled to recover the damages naturally and proximately flowing therefrom.     *Caldwell* v. *R. & D. R. Co.*, 89 *Ga.* 550 (2).

The petition should not have been dismissed.     It set out a cause of action, and after verdict thereon a motion in arrest would not have been granted.     The special demurrers, not having been filed at the first term, could not have been considered (Civil Code, §§ 5046, 5052), and for that reason the question as to what is a proper measure of damages for a failure to transport person or property is not presented by this record.

*Judgment reversed.     All the Justices concur.*