23808. KOCH COMPANY *v.* ADAIR *et al.*

SUTTON, J. 1. Where an action was brought against thirteen defendants, charging them with having damaged the plaintiff by their joint acts of fraud and deceit, and ten of the defendants demurred to the petition and the action was dismissed as to them, the remaining defendants were

not necessary defendants in error to the bill of exceptions filed by the plaintiff to review the judgment dismissing the petition as to the ten demurring defendants, and the writ of error was not subject to dismissal in this court upon the ground that the other defendants were not made parties to the bill of exceptions nor served with a copy thereof. The cause still remained in the court below as to the defendants who did not demur to the petition. See *Smith* v. *Atlanta Enterprises*, 46 *Ga. App.* 760 (169 S. E. 243); *McGaughey* v. *Latham*, 63 *Ga.* 67; *Jones* v. *Hurst*, 91 *Ga.* 338 (17 S. E. 635); *Hibble* v. *Mutual Oil Co.*, 170 *Ga.* 694 (153 S. E. 771); *Huey* v. *National Bank*, 177 *Ga.* 64 (169 S. E. 491). This case is clearly distinguishable from *Malsby* v. *Shipp*, 177 *Ga.* 54 (169 S. E. 308), *Poston* v. *Durham*, 177 *Ga.* 870 (171 S. E. 765), and cases on which these decisions are based. In those cases the judgment of the court below dismissed the petition as to all the defendants. The same is true of the cases of *Tillman* v. *Davis*, 147 *Ga.* 206 (93 S. E. 201), and *Sistrunk* v. *Davis*, 31 *Ga. App.* 397. In the latter two cases not all of the defendants demurred to the petition; however the case was dismissed on general demurrer as to all the defendants, and the court held that such dismissal inured to the benefit of all the defendants, and that they were necessary defendants in error to a bill of exceptions seeking to review that judgment. The motion to dismiss the writ of error is therefore denied.

2. Stockholders or directors in a corporation are not liable in damages for losses sustained by one in dealing with the corporation, by reason of false representations as to the solvency and financial condition of the corporation and of the worth of certain bonds sold by it to the plaintiff, where it is not shown that such stockholders or directors actively participated in the misrepresentations charged, and unless it is also shown that such misrepresentations were made for the purpose of inducing the plaintiff to purchase such bonds, with actual knowledge of the falsity of the representations, or recklessly, without any knowledge thereof, but with an intent to deceive. This is true even though the petition of the plaintiff allege that the affairs of the corporation are controlled and dominated by such stockholders and directors, who owned the majority of the stock therein; and that the plaintiff believed and relied upon the alleged false statements and representations of the stockholders and directors of the corporation in purchasing the bonds offered for sale by it. *Cooley* v. *King*, 113 *Ga.* 1163 (39 S. E. 486); *Black* v. *Estes*, 47 *Ga. App.* 732 (171 S. E. 402); *Hill* v. *Hicks*, 44 *Ga. App.* 817 (163 S. E. 253). Since pleadings are to be construed most strictly against the pleader, an allegation that the defendants "knew, and/or in the exercise of ordinary care could and should have known, that at the time and times" said statements, circulars and representations were false, is equivalent to a charge of implied notice, rather than actual knowledge. *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (6) (48 S. E. 438); *Southern Bell Telephone & Telegraph Co.* v. *Starnes*, 122 *Ga.* 602 (50 S. E. 343); *Pacetti* v. *Central Ry. Co.*, 6 *Ga. App.* 97 (64 S. E. 302).

3. A petition should not be dismissed on general demurrer upon the ground that it sets forth the wrong measure of damages; but that is a defect

that can only be properly reached by a special demurrer which specifically points out the defect in the pleading and is directed to that particular portion thereof.

4. It follows, under the ruling stated above in paragraph 2, that the court did not err in dismissing the petition as to the defendants demurring thereto.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

DECIDED SEPTEMBER 20, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Winfield P. Jones,* for plaintiff.

*Marion Smith, John M. Slaton, Jones, Evins, Powers & Jones, Colquitt, Parker, Troutman & Arkwright, Howell, Heyman & Bolding, Branch & Howard, Bond Almand,* for defendants.

STEPHENS, J., dissenting. I am of the opinion that under all the allegations in the petition a cause of action is set out.