### 24491.   GUARDIAN LIFE INSURANCE COMPANY *v.* SNOW.

DECIDED MAY 23, 1935.

*Bryan, Middlebrooks & Carter, Copeland & Dukes,* for plaintiff in error.

*Wilcox, Connell & Wilcox,* contra.

GUERRY, J.   Robert P. Snow recovered a judgment against the Guardian Life Insurance Company of America, for alleged disability benefits under the terms of a policy of insurance issued to him by that company.   The defendant complains of the overruling of its motion for new trial.

The policy provides for the payment of a fixed amount each month and for waiver of premiums during such disability, provided the insured before attaining the age of sixty and while the policy is in effect "becomes totally and permanently disabled by bodily injury or disease so that he is and will be permanently, continuously and wholly prevented thereby from performing any work or following any occupation whatever for remuneration or profit." It is provided that payments are to begin from the date of the receipt by the company of satisfactory proofs of such permanent and total disability.   It is further provided that although proof of permanent disability may have been accepted by the company as satisfactory, "the company may at any time demand due proof of the continuance of such total disability, but not oftener than once a year after such disability has continued for two full years, and upon failure to furnish such proof or if it shall appear to the company . . that insured is able to perform any work or follow any occupation whatever for remuneration or profit, no further premiums shall be waived and no further income payments shall be made."

The petition alleges that insured had for the last three years suffered from spinal arthritis and that he is now, and has during said period of time, been totally and permanently disabled, so that he was, is and will be permanently, continuously and wholly prevented thereby from performing any work or from following any occupation whatsoever for remuneration or profit; that on December 1, 1930, he furnished to the insurer due proof that he was totally and permanently disabled, and that the insurer on March 9, 1931, acknowledged liability to plaintiff therefor and made to him monthly payments as provided in the policy, until August 9, 1932, at which time it defaulted, and that it has since that time failed and refused to pay petitioner benefits thereunder, and demanded of him in September, 1932, the annual premium of $80.48, although

he was then and still is totally and permanently disabled. The premium was paid under protest, and suit is brought to recover the same, together with alleged past-due payments.

The defendant answered, admitting its payments to insured from March 9, 1931, to August 9, 1932, but said that shortly after July 9, 1932, and prior to August 9, 1932, it ascertained that plaintiff was not totally and permanently disabled by bodily injury or disease, and thereupon notified plaintiff that it would make no further payment for total disability. It denied that plaintiff had been since that time disabled within the meaning of the policy.

■ There was in evidence the following letter:

"August 2, 1932.

"Mr. Robert Parker Snow, 406 E. Moore Street, Valdosta, Ga.

"In Re: Policy No. 421750-Robert Parker Snow.

"Dear Sir: Under Date of Dec. 28, 1930, you submitted to this office various statements purporting to be proof of your total and presumed permanent disability. As it appeared from such statements that you were totally and presumably permanently disabled, as defined by the terms of the policy, we approved your claim for the disability benefits. In case your total disability has wholly and continuously prevented you from following any gainful occupation and in case it still continues, the company, in accordance with the express provisions of the policy, hereby invites you to submit, without undue delay, proof of such total and continuous disability, the necessary forms for which will be sent upon request. Unless you can furnish proof of continuous total disability, no further disability benefits can be granted by the company under your present claim."

It is insisted by plaintiff in error that the above letter is such a demand as defeats the right of the plaintiff to bring this action without complying therewith, by submitting additional proofs of the continuance of the disability. The court charged the jury, as requested by the plaintiff in error, to the effect, that although disability under the policy had been admitted and payments made by the defendant company, it might require additional proofs of the continuance of such disability, and that a failure to furnish such additional proofs according to the terms of the policy would prevent the bringing of an action thereon. Plaintiff in error insists that the letter quoted is such a demand for such additional proofs

as constitutes a condition precedent to the bringing of an action on the policy. The holdings in respect to suits in fire and health insurance cases are cited as authority for the position taken. In *Frye* v. *Continental Life Ins. Co.*, 43 *Ga. App.* 849 (160 S. E. 544), the policy sued on provided that "written notice of injury on which claim may be based must be given to the company within 20 days after the date of the accident causing the injury." Fire-insurance policies generally contain a provision that in case of loss by fire, written notice and proofs of loss must be submitted within 60 days. In these cases our courts have held that a failure to furnish such proofs or to show a waiver thereof will postpone the right to bring suit on the policy. *Jackson* v. *Security Ins. Co.*, 43 *Ga. App.* 13 (158 S. E. 457).

The reason for the validity of such a provision in the policy is readily apparent. Under fire-insurance policies generally the loss itself does not become payable until sixty days after the furnishing of the proofs of loss, and where the policy provides that suit must be brought within 12 months of the loss and the proofs of loss are not submitted at least 60 days before the expiration of 12 months from the fire, the failure to furnish such proofs of loss, unless there be a waiver, will prevent maintenance of the suit. "An absolute refusal by the insurer to pay, made before the expiration of the reasonable time within which the insured must furnish such proofs, will be a waiver thereof." The policy in the present case provides that the insurer may, under certain conditions, demand proof of continuance of the disability, and upon failure to furnish such proofs, or where it appears to the company that the insured is able to work for remuneration or profit, payments thereunder will cease. In its answer the insurer alleges that it ascertained sometime after July 9, 1932, that plaintiff was not then totally disabled according to the terms of the contract, and that on August 2, 1932, it made "declaration of recovery," and "notified plaintiff that no other or further monthly payments would be made on account of his alleged disability." This was a refusal by the insurer to pay, for the reason as it claims, that the insured had so far recovered as to be no longer entitled to the benefits of the policy. Under such conditions it was not a condition precedent to the plaintiff's right of action to submit additional proofs of the continuance of the disability. A declaration of recovery made by the

insurer and a refusal to pay the insured on account of such alleged recovery waives the provisions of the policy with respect to additional proofs of continuance of disability, just as a refusal to pay waives proofs of loss in a fire-insurance policy. *Moore* v. *Dixie Fire Insurance Co.*, 19 *Ga. App.* 800 (92 S. E. 302).

■ Complaint is made of various excerpts from the judge's charge in respect to what constituted total and permanent disability. It is conceded in the brief of counsel for plaintiff in error that the evidence supports, but does not demand, a finding of the jury for the insured, on the question of total disability. The trial judge charged the jury substantially in the language of the ruling of the Supreme Court in the case of *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787). Plaintiff in error insists that this was error, for the reason that the provision with regard to total disability in the policy here sued upon is entirely different, and requires a different construction, from that contained in the policy in the *Cato* case, supra. The material portion of the clause with regard to total disability in that case was as follows: "and if such disability presumably will during lifetime prevent such employee from pursuing any occupation for wages or profit, such employee shall be deemed to be totally and permanently disabled within the meaning of this policy." The material part of the provision of the policy in the case at bar is as follows: "If due proof shall be furnished to the company . . that the insured . . has . . become totally and permanently disabled by bodily injury or disease so that he is and will be permanently, continuously, and wholly prevented thereby from performing any work or from following any occupation whatsoever for remuneration or profit, . . upon approval of such proof, the company will grant the monthly income and waiver of premium benefits specified below." The Supreme Court in *Prudential Insurance Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499), had under consideration a suit on an insurance policy which was substantially as follows: Total disability, within the meaning of the policy, exists whenever the insured is "rendered wholly, continuously, and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime." In discussing whether or not in that case the ruling made in the *Cato* case, supra, was authority, with regard to the difference in the language of the

contracts as to total disability, the court said: "In cases of this character the policy should be construed liberally to effectuate the general purpose of the contract, which is to indemnify the insured for the loss of time by reason of incapacity to perform his usual work or carry on his usual business by reason of a happening covered in the policy. Cole v. Metropolitan Life Ins. Co. (R. I.), 170 Atl. 74. The policy here contained language different from that involved in *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787), and the other cases cited by the Court of Appeals; but the purpose of the contract was substantially the same, and the case should be governed by like principles. There are two lines of authority relating to cases of this kind, one holding to literalism, and the other applying the principle of liberal construction." We think the above language is applicable to the case at bar and answers the contention of plaintiff in error. While there is some difference in the exact wording of the clauses in the *Cato* case and the policy here sued on, there is no material difference, and they both should be construed alike. We are therefore of the opinion that the assignment of error is without merit.

The evidence amply supports the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre, J., concurs specially. Broyles, C. J., dissents.*

MacIntyre, J., concurring specially. My view of the contention of counsel for the insurance company that the verdict is contrary to law, in that the insured did not submit additional proofs of loss after the demand made in the letter of August 2, 1932, under the provisions of the policy, is that it is not meritorious, for two reasons. The provision under consideration states that the insurer may at any time within the first two years of the disability of the insured require additional proofs of continued disability, and that upon a failure to do so no further payments will be made. This provision is to be given a practical construction, and should be upheld if possible. To give the insurance company the right to demand additional proofs of loss and *at the same time* cease payment until they are furnished is not a rational construction of the provisions. If this were the import of the policy provision, I seriously doubt its validity, as being an unreasonable requirement. However, it can be rationally construed to mean that the insurer

may require additional proofs of loss, and that a failure to comply with such demand *within a reasonable time* then gives them the right to cease payments. One once totally disabled will be presumed to continue in that state until the contrary appears, and to give the insurer arbitrary power to cut his benefit payments off until he furnishes additional proofs irrespective of his actual disability is not reasonable, but a failure to comply with a proper demand, actually made, within a reasonable time would give the company a right to discontinue the benefit payments. Provisions of this character, while not dealing with a cancellation or forfeiture of the policy itself, do deal with forfeitures and cancellations of benefits under the policy already accrued to the insured, and like notices of cancellation and forfeiture should be strictly followed, in order to be taken advantage of. *Farmers Mut. Fire Ins. Co.* v. *Harris,* 50 *Ga. App.* 75 (177 S. E. 65). The insurer, by the letter of August 2, did not demand proofs of loss and state that upon a failure to comply therewith by the insured *in a reasonable time* it would decline further payments, as the policy gave it authority to do, but instead stated that *at that time* it would cease further payments until he should furnish further proofs, which the policy gave it no authority to do. I therefore do not think this was a proper demand under the provisions of the policy, but it may easily be construed as a refusal to make further payments, and therefore there rested on the insured no duty to submit further proofs.

Secondly, I think that even were the letter construed to be a proper demand, the defendant by its answer and conduct waived compliance therewith by the insured. Under the provisions of the policy, disability benefits may be stopped by insurer in two ways. (1) By failure of insured after demand, to submit within a reasonable time additional proofs, (2) or if it shall appear to the company that the insured is able to perform any work or follow any occupation for remuneration or profit. The plan and evident intent of the insurer in making provision for requirement of further proofs of loss was to give them opportunity to ascertain whether the disability of insured continued to exist. The insurer pleaded that shortly after July 9 and prior to August 9 it ascertained that plaintiff was not totally and permanently disabled, "and that thereupon this defendant made declaration of recovery and notified plaintiff that no other or further monthly payments would be made

on account of his alleged disability." If this be true, under the familiar principle that a refusal to pay under an insurance policy waives requirements as to proofs of loss, the insured was under no duty to do the useless thing of then submitting proofs. The insurer, seven days after its letter of demand, if such demand was proper, made an absolute refusal to pay, and this time, not being a reasonable time, amounted to a waiver. While it is true that the case was not submitted to the jury in this light, it can be of no harm to the defendant for this court to affirm the judgment on this theory, for these questions are decided as a matter of law, and the only remaining question, which was fairly submitted by the judge, was whether or not the insured was actually totally and permanently disabled. I think the decision of the lower court should be affirmed.

BROYLES, C. J., dissenting. In my opinion the language employed in the letter of August 2, 1932, written by the insurance company to the plaintiff, amounted to a demand that he furnish to the company due proof of the continuance of his total disability, as he was required to do under the terms of the policy; and, it appearing from undisputed evidence that the plaintiff had failed to furnish the demanded proof, the verdict in favor of that party was contrary to law and the evidence, and the refusal to grant a new trial was error.