## 25775. TURNER *v.* LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

JENKINS, P. J. Where a disability-insurance policy provides that "at any time . . before default in the payment of any . . premium, . . if the insured shall furnish proof satisfactory to the company that he has become wholly and permanently disabled by bodily injury or by disease . . and that such disability has existed not less than sixty days, . . the company will, by endorsement hereon and subject to the conditions herein recited, on each anniversary of such due date of premium, waive payment of the premium for the ensuing insurance year," and that "subject to the conditions herein stated the company will" pay the benefits stated, these provisions in the policy constitute a condition precedent to a waiver by the company of payment of the required premiums and to its liability on the policy. Accordingly, where the insured failed to pay premium instalments at the times required by the policy or within the specified grace period of thirty days thereafter, the failure either to pay such premiums or to furnish to the company, until more than seven years after the first default, any total disability proof, with the consequent failure by the company to make the required endorsement of any premium waiver on the policy, caused the policy to lapse, and defeated any right of action by the insured on the policy, even though his total disability began while the policy was still in force, before the lapse of the grace period following the first delinquency of premium, and even though such disability continued thereafter. *Dean* v. *Northwestern Mutual Life Ins. Co.*, 175 *Ga.* 321 (165 S. E. 235), affirming the decision in 43 *Ga. App.* 67 (157 S. E. 878), and followed by *Smith* v. *Travelers Ins. Co.*, 177 *Ga.* 589 (171 S. E. 121). The decisions in *Ætna Life Ins. Co.* v. *Palmer*, 159 *Ga.* 371 (125 S. E. 829), and *Life Ins. Co. of Va.* v. *Williams*, 48 *Ga. App.* 10 (172 S. E. 101), are distinguishable by the entirely different provisions in their policies and by their facts. The question here is not one as to the mere time or waiver of the proof of total disability, but as to the continuing validity of the policy under its condition. Therefore the court did not err in sustaining the general demurrer to the amended petition.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 28, 1936.

*Duke Davis,* for plaintiff. *Wyatt & Morgan,* for defendant.