27196. McLENDON *v.* JEFFERSON STANDARD LIFE INSURANCE COMPANY.

Decided January 30, 1939.

*Hooper & Hooper, Louis Yancey Jr.,* for plaintiff.

*Bryan, Middlebrooks & Carter, Yantis C. Mitchell,* for defendant.

SUTTON, J. Where a life-insurance policy with a disability clause provides that "upon receipt of due proof . . that he [the insured] has become wholly disabled by bodily injury or disease and will be permanently, continuously, and wholly prevented thereby from pursuing any and all gainful occupations after one full annual payment shall have been made and before a default in the payment of any subsequent premium, the company by indorsement in writing on this contract will agree to pay for the insured the premiums which shall thereafter become payable during the continuance of such disability," such proof is a condition precedent to the payment or waiver of said premiums by the insurance company. Accordingly, in a suit by the beneficiary under a policy where it appeared that the insured became totally disabled in 1930 and died in 1936, but failed to pay the premiums on the policy after 1931 or to furnish to the company any proof of total disability, the failure to pay the premiums or to furnish proof of total disability caused the policy to lapse, and defeated any right of action by the beneficiary under the policy, although the insured's total disability began while the policy was in force and continued until his death. This case is controlled by the rulings in *Northwestern Mutual Life Ins. Co. v. Dean,* 43 *Ga. App.* 67 (157 S. E. 878), *Turner* v. *Life &c. Ins. Co.,* 54 *Ga. App.* 424 (188 S. E. 269), *Mavrikis* v. *National Life &c. Ins. Co.,* 55 *Ga. App.* 241 (190 S. E. 41), *Equitable Life Assurance Society* v. *Adams,* 56 *Ga. App.* 5 (192 S. E. 90), *Dean* v. *Northwestern Mutual Life Ins. Co.,* 175 *Ga.* 321 (165 S. E. 235), and *Smith* v. *Travelers Ins. Co.,* 177 *Ga.* 589 (171 S. E. 121). The decisions in *Life Ins. Co. of Virginia* v. *Williams,* 48 *Ga. App.* 10 (172 S. E. 101), and *Prudential Insurance Co.* v. *Calloway,* 54 *Ga. App.* 863 (189 S. E. 545), cited and relied on by the plaintiff in error, are distinguishable by the different provisions in the policies there dealt with, as will be seen by an examination of those cases. There the waiver of premiums became effective after the date of disability and did not depend on the time the proof was furnished, the furnishing of proof of disability not being a condition precedent to such waiver. The court did not err in sustaining the general demurrer to the plaintiff's petition in the present case.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*