## NATIONAL BONDHOLDERS CORPORATION *v.* CHEESEMAN *et al.*

No. 13185. APRIL 11, 1940.

*Pearce & John S. Matthews,* for plaintiff.
*J. Howell Green,* for defendants.

168

DUCKWORTH, Justice. ■ The demurrer attacks paragraph 6 of the petition, because, as asserted, it fails to show by whom the sale under the power contained in the security deed was made, and whether the sale was by the plaintiff or other parties. Looking to the petition in considering this portion of the demurrer, it appears that as amended it explicitly alleges that the sale was made by John E. Lee. This allegation, in addition to answering the first inquiry as to who made the sale, also answers the further question raised by the demurrer as to whether the sale was by the plaintiff or other parties. Consequently this portion of the demurrer is completely without merit. The remainder of paragraph 4 calls upon the petitioner to set out or refer to a transfer of the security deed or conveyance of the property, and to show authority for sale of the above-described property pursuant to the security deed, provided and only provided such sale was made by plaintiff. Since the sale was not made by the plaintiff, the demurrer calls for no information and requires no amendment. If in stating this ground of the demurrer it was desired by the defendant to obtain information on these questions relative to the party making the sale, whether such party be the plaintiff or some one else, the demurrer should have so stated. Demurrer, being a critic, should itself be free from imperfection. A special demurrer must put its finger upon the exact point of weakness. *Southern States Portland Cement Co.* v. *Helms*, 2 *Ga. App.* 308 (58 S. E. 524); *Marietta*

*Realty & Development Co.* v. *Reynolds,* 189 *Ga.* 147 (5 S. E. 2d, 347). There is no merit in paragraph 4 of the demurrer.

Paragraph 5 of the demurrer constitutes no valid attack upon the petition. The petition conforms to all legal requirements with reference to showing the plaintiff's right to sue on the note, when it sets forth copy of the same, showing indorsement in blank by the payee and the amount due thereon, and alleges that plaintiff is the owner and holder thereof. These facts make a prima facie case of "holder in due course." Code, § 14-509. When the Mortgage Guarantee Company of America, the payee, signed its name on the back of the note sued on, that, without more, constituted an indorsement in blank. Code, § 14-402; *Heard* v. *De-Loach,* 105 *Ga.* 500 (30 S. E. 940); *Hendrix* v. *Bauhard,* 138 *Ga.* 473 (75 S. E. 588, 43 L. R. A. (N. S.) 1028, Ann. Cas. 1913D, 688). With this the only indorsement in blank appearing on the note, it is payable to "bearer." Code, § 14-209 (5). And it may be negotiated by delivery. § 14-405. Maturity of the note does not affect its negotiability. *Bank of Oglethorpe* v. *Swindle,* 155 *Ga.* 69 (116 S. E. 604, 33 A. L. R. 695). It was error to sustain the demurrer and dismiss the action.

*Judgment reversed. All the Justices concur.*