GORDINIER, Appellant, v. THE CONTINENTAL
ASSURANCE CO., Respondent

(7 N. W.2d 298.)

(File No. 8560.   Opinion filed December 28, 1942.)

**W. F. Bruell,** of Redfield, for Appellant.
**Sterling & Clark,** of Redfield, for Respondent.

WARREN, J.   This was an action brought by the plaintiff who sought to recover permanent disability benefits due on a group life policy of insurance.   A verdict on all the issues was returned by the jury in favor of the plaintiff. Defendant moved for judgment notwithstanding the verdict and the court granted the order and entered judgment for the defendant upon all the issues.   A motion for a new trial was overruled and plaintiff appeals.

Appellant for some years prior to December, 1934, was employed in the Redfield, S. Dak., office of the Northwestern Public Service Company.   All of its employees were insured in a group insurance policy in which appellant was a participant.   Appellant's insurance was of the combined life, accident and health type which, in the event of disability, the insurer or defendant would pay the amount of insurance in force at the time of the receipt of proof of disability in monthly installments, according to the schedule outlined in the certificate.

The insurance was issued as of December 24, 1934, and was effective from that day and continued in force for one year.   Both certificates were based upon the employer-employee relationship.

Appellant terminated her employment with above company on January 15, 1935.   Such an act automatically terminated the policy, according to its terms, unless appellant

availed herself of the privilege of having a separate and independent policy issued to her. The language in the policy relating to termination reads: "In the event of the insurance ceasing because of termination of employment with the Employer, the Employee shall have the right, upon written application and payment of the required premium to the Company within thirty-one days after the date of cessation of the insurance, to obtain without medical examination a new and individual policy. * * *"

There is testimony to the effect that after leaving her position with the company, January 15, 1935, appellant felt she could not afford to pay the premiums so she dropped it. There is no evidence that appellant made application and paid the required premium for an individual policy. The fact that this insurance expired on December 24, 1936, is undisputed.

Becoming ill on January 15, 1935, appellant testified she was compelled to sever her employment at that time. An arthritic condition resulted from the incipient ailment causing appellant to claim permanent disability from January 15, 1935.

From an examination of the appellant's various assignments of error, it would seem that the respondent has grouped for the Court's convenience all of the issues for our decision into three propositions which, we believe, will dispose of the matters in contention before us. We will first treat the contract of insurance and appellant's compliance with the terms thereof with reference of notice to the company and proof of any claim for alleged disability.

A clause in appellant's policy expressly requires that the respondent or insurer must receive due notice and proof in writing of permanent and total disability during the continuance of the insurance in order that insured can recover disability payments. It reads: "Upon receipt by the Company, during the continuance of this insurance, of due notice and proof—in writing—that any Employee, while insured hereunder, and prior to his sixtieth birthday, has become permanently and totally disabled, and as a result of

bodily injury or disease and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation and performing any work for wage or profit, the Company will waive further payment of premium as to such Employee and will pay to such Employee in full settlement of all obligations under this policy the amount of insurance in force hereunder upon his life at the time of receipt of due proofs of such disability, in a fixed number of instalments as shown in the Schedule of Instalment Payments below."

■ Appellant, although claiming total disability, disregarded compliance with terms of the contract by not giving due notice and proof (while policy was in force) until September 23, 1940. The authorities have held that failure of insured to pay premiums or furnish notice and total disability proof causes a policy to lapse, notwithstanding that the total disability began while policy was in force.

Here we have a situation in which appellant claims to have paid a premium after leaving her employment, also claiming that she was ill and was totally disabled; yet she had neglected to procure an individual policy, such as contemplated in the contract upon her leaving the employment, and had given no notice of ill-health or disability to the insurer, as required in the policy, excusing her neglect by stating that she had not read the policy and knew nothing about the provisions and had given it no attention until advised by friends several years after she had laid it away. She then procured it out of a certain box and after considering it, sought advice from her counsel, who wrote the insurer-respondent to obtain the necessary blanks.

The letter written by appellant's counsel seems to be the first knowledge of any kind that the respondent had received regarding appellant's physical condition; it was written five and one-half years after the policy had expired or, unless as is conceded by the respondent, four and one-half years after, if the policy had been extended to December, 1936, by the payment of one additional premium.

■ The evidence as to appellant's failure to furnish notice of her claim and proof thereof while the policy was

in force is undisputed. This failure to give notice and the disregard and violation of the provisions of the insurance contract cannot be sanctioned and will prohibit a recovery under the policy unless it was excused by the respondent and the facts before us do not so indicate. This Court, in the case of Binder v. General American Life Ins. Co., 66 S. D. 305, 282 N. W. 521, established the law that under policies containing substantially the same provisions as the policy before us due notice and proof of disability while the policy was in force is a condition precedent to recovery. The Court collated a large number of authorities indicating the soundness of the reasoning in holding upon the necessity for the furnishing of the notice and proof. See Turner v. Life & Casualty Ins. Co. of Tennessee, 54 Ga. App. 424, 188 S. E. 269, and McAndrews v. Prudential Ins. Co., 132 Neb. 332, 271 N. W. 857, 109 A. L. R. 821, 823.

"* * * Accordingly, in a suit by the beneficiary under a policy where it appeared that the insured became totally disabled in 1930 and died in 1936, but failed to pay the premiums on the policy after 1931 or to furnish to the company any proof of total disability, the failure to pay the premiums or to furnish proof of total disability caused the policy to lapse, and defeated any right of action by the beneficiary under the policy, although the insured's total disability began while the policy was in force and continued until his death. * * *" McLendon v. Jefferson Standard Life Ins. Co., 59 Ga. App. 399, 1 S. E.2d 75.

■■ Appellant contends that the furnishing of blank forms for proof of loss and disability by the respondent, after appellant's counsel had written respondent covering the facts and indicating that he would like to hear from it in reference to the matter, amounted to a waiver of performance. Counsel's letter was written five and one-half years after appellant's disability arose. We do not believe that the furnishing of these blank-forms, when considered with the letter accompanying the blanks, could possibly cure the failure of the appellant to furnish the notice required by the contract, the policy of insurance.

Without taking up the space in our reports to set the letters out verbatim, we give our interpretation from respondent's letter which stated that the appellant's attention was called to the effect that there had been no effective insurance in force for quite sometime; that they were attaching papers which were customarily furnished and that appellant might complete and submit them, if she so desired; further, that they would give the matter further attention upon receiving them and investigating the matter. In doing so, the respondent stated that it was not waiving any of its rights or defenses and it was not admitting that there was any insurance in force, nor was it admitting any liability. It would seem to us that sending these forms was merely an act of courtesy on respondent's part and that respondent expressly preserved its right to defend upon all grounds, among them which were the lapsing of the policy and the failure to give notice and that the conduct of the respondent did not amount to a waiver of performance. 33 C. J. 29 and Elhart v. Pacific Mutual Life Ins. Co., 47 Wash. 659, 92 P. 419. It is further urged that the respondent by making a superficial independent investigation waived the provisions in the policy. In considering this feature of the waiver we refer to respondent's letter to appellant of Oct. 9, 1940. The last paragraph reads: "We wish to repeat that, in investigating it, the Company is not admitting liability or waiving any of its rights or defenses." We do not believe that the mere investigation by sending appellant's doctor a form asking certain questions and receiving answers thereto is in itself a waiver of notice or proof of loss and disability. 33 C. J. 30, Section 690. This investigation was made about five years after the time to file proof had expired. It therefore does not seem that the appellant could have relied upon it to her prejudice and on account thereof have failed to furnish the notice and required proof under the terms of the policy. The investigation made by the respondent did not amount to a waiver of the conditions expressed by the contract of insurance.

Appellant contends that the court had no power to

set aside the verdict and grant a judgment notwithstanding the verdict. SDC 33.1705 permits the granting of n. o. v. in this case as there is no dispute in the evidence. The evidence in this case shows that there was a failure to give notice and furnish proofs required under the policy, and that such requirements had not been waived. It would seem that there is no reasonable probability that the defects in proof can be supplied upon another new trial. It seems that the acts of the parties relating to notice and proof become a question of law and, therefore, is a matter to be decided by the court. We are satisfied from the consideration of the record in this case that this court would have been justified in directing, at the close of all the evidence, a judgment for the defendant now respondent. Meylink v. Minnehaha Co-op. Oil Co., 66 S. D. 351, 283 N. W. 161; Id., 67 S. D. 187, 291 N. W. 572, and Froke v. Watertown Gas Co., 68 S. D. 266, 1 N. W.2d 590.

Other matters assigned have been carefully considered and are deemed not to merit discussion.

Finding no error in the record, the order and judgment appealed from are affirmed.

All the Judges concur.