33317. JEFFERSON STANDARD LIFE INSURANCE CO. *v.* NELSON.

DECIDED MARCH 13, 1951. REHEARING DENIED MARCH 29, 1951.

672

*Erwin Sibley,* for plaintiff in error.

*Marion Ennis,* contra.

MacIntyre, P. J. 1. The defendant contends that under a proper construction of the contract of insurance, the plaintiff has failed to state a cause of action by virtue of his failure to allege that the defendant *had agreed in writing, by endorsement on the policy,* to pay the stipulated monthly benefits for total and permanent disability, and the plaintiff failed to allege that the defendant had likewise *agreed in writing, by endorsement on the policy,* to waive premiums which became due after receipt and approval of proof of total disability, since such agreements in writing endorsed upon the policy constituted conditions precedent to the plaintiff's right to receive these benefits under the policy.

As we construe the contract of insurance, in order for the plaintiff to be entitled to the total and permanent disability payments and to the waiver of premiums, it must appear (a) that the plaintiff, prior to the anniversary of the policy on which

his age would be sixty years, had become totally, continuously, and permanently disabled for life while the policy was in force and before any default in the payment of premiums due; (b) or that because of such total disability he was unable to engage in any occupation or employment for remuneration or profit for three or more consecutive months; (1) that he had submitted due proof of such disability to the defendant who had accepted and approved such proof; and (2) that the defendant had agreed in writing by endorsement on the policy to pay the disability benefits and to waive the premiums. Subdivisions 1 and 2 are applicable to both subdivisions which are denominated a and b. Compliance with these provisions of the policy is a condition precedent to the insured's right to the indemnities and benefits provided for in the policy and to his right to maintain a suit therefor. *McLendon* v. *Jefferson Standard Life Ins. Co.*, 59 *Ga. App.* 399 (1 S. E. 2d, 75) ; *Turner* v. *Life & Casualty Insurance Co. of Tenn.*, 54 *Ga. App.* 424 (188 S. E. 269) ; *Dean* v. *Northwestern Mutual Life Ins. Co.*, 175 *Ga.* 321 (165 S. E. 235) ; *Equitable Life Assurance Society* v. *Adams*, 56 *Ga. App.* 5 (192 S. E. 90) ; *Mavrikis* v. *National Life &c. Co.*, 55 *Ga. App.* 241 (190 S. E. 41).

However, "any provision of a policy made for the company's benefit may be waived by the company either expressly or impliedly by the company's action." *Jones* v. *Pacific Mutual Life Ins. Co.*, 57 *Ga. App.* 16, 23 (194 S. E. 249) ; *Rogers* v. *American National Ins. Co.*, 145 *Ga.* 570 (89 S. E. 700) ; *Guaranty Life Ins. Co.* v. *Pughsley*, 57 *Ga. App.* 588, 591 (196 S. E. 265). The clause of condition in the policy providing that upon receipt and approval of due proof of total disability the insurer would agree in writing by endorsement on the policy to pay the benefits and waive the premiums was for the benefit of the defendant and could be waived; and, when this clause is considered in connection with other provisions of the contract and the allegations of the petition, it is apparent that it was waived by the defendant insurer.

A proviso to this very clause provides: "But *no disability income will be paid* or premium waived for any period of disability which preceded receipt of written notice of such disability at the Home Office of the Company." The plaintiff alleges that

"prior to attainment of age sixty plaintiff became totally and permanently disabled within the meaning of . . [the policy] with respect to total and permanent disability. Plaintiff submitted to the defendant as required by said policy, due proof of such total and permanent disability on plaintiff's part. *The defendant accepted the proof* submitted by the plaintiff and began to pay plaintiff the disability benefits provided for in said policy on November 22, 1948. Defendant paid the plaintiff disability benefits without interruption from November 22, 1948, through June 22, 1949, at the rate of $30.00 per month in conformity with the . . [policy]." It is clear that under the terms of the contract of insurance payments for disability benefits are not to be begun by the insurer until after receipt and approval of due proof that the plaintiff is totally disabled for life, or has been totally disabled for three or more consecutive months, within the meaning of the policy, and that payment of premiums is not to be waived except upon receipt and approval of the same proof of total disability. The plaintiff alleges, however, that the payments were begun and continued for a period of some eight months. Obviously the defendant had received and approved the plaintiff's proof of total disability or the alleged monthly payments would not have been forthcoming. Under these circumstances, therefore, the defendant will be held to have waived the requirement that the agreement to pay disability benefits and waive payment of premiums be endorsed upon the policy. Consequently in the absence of any other showing, the plaintiff was, under the terms of the contract of insurance together with the waiver of the requirement for endorsement of the agreement upon the policy, entitled to receive the monthly disability benefits and entitled to the waiver of premiums which thereafter became due during the continuance of such disability.

2. The plaintiff alleged in paragraph 3 of his petition: "At the time of the filing of this suit the defendant is indebted to plaintiff in the principal sum of $373.98 with interest thereon, because of a payment of premium made by plaintiff to defendant on September 17, 1949, under protest, in the amount of $73.98 (hereinafter more fully stated) and on account of permanent and total disability benefits due plaintiff by the defend-

ant beginning July 22nd, 1949 through April 22nd, 1950, under the provisions of the following life insurance policy." In paragraph 13 of the plaintiff's petition he alleged: "Plaintiff shows that on September 17, 1949, he forwarded to the defendant a check in the amount of $73.98 covering annual premium on the above referred to policy, which premium was paid under protest, for the reason that the same should have been waived by the defendant under the terms of the policy on account of plaintiff's total and permanent disability. Same was forwarded to the defendant by registered mail with return receipt requested." The defendant lodged the following demurrers against these portions of the petition: "3. Defendant specially demurs on the ground that the said petition is duplicitous in that the same is for the recovery in one count, ten (10) monthly installments of $300.00 per month alleged due as disability payments under the alleged policy and also is an action for the return of an alleged premium paid of $73.98." "10. Defendant demurs to paragraph (13) on the grounds that the same is irrelevant and shows no facts of liability of this defendant therein nor anywhere else in the petition."

"As a general rule, if the premium is paid through mistake as to the facts, under the supposition, which is unfounded, that there is an obligation to pay, it is returnable; or, in other words, if a premium is paid under a supposition that a certain state of facts exists whereby the company would be entitled to the money, and the supposed facts do not exist, and the premium would presumably not have been paid had the actual facts been known by the payer, such premium so paid may be recovered back. Thus, if a premium be paid after a forfeiture of the policy under a mistake as to the fact of waiver, it shall be returnable. So, also, in case an assessment collected by mistake after a forfeiture, or in a case of an endowment policy which has matured, on which the insured, induced by the representations of the insurer's agent, continues to pay premiums." 3. Couch, *Cyclopedia of Insurance Law*, p. 2397, § 729.

Here the petition in its entirety shows that it was based upon a consistent statement of a single state of facts arising under one insurance contract; that the premium was paid under the supposition, which was unfounded, that to keep the policy in

force during the time of the total and permanent disability in question and sued for, the plaintiff was obligated to pay such premium, when under the terms of the policy such premium should have been waived on account of the plaintiff's total and permanent disability, and the payment of such premium was induced by the representations of the insurer's agent. We think that the petition stated a cause of action for the return of the premium and that under the facts of this case was not duplicitous.

3. Grounds 13, 14, and 15 of the defendant's demurrer, lodged against paragraphs 16, 17 and 18 of the plaintiff's petition, upon the ground that they set forth no fact showing liability for attorney's fees and damages for bad faith and that there was a continuation of the alleged disability. It is alleged that on two occasions, once upon request of the defendant and once voluntarily, the plaintiff had furnished proof of his total disability, but the defendant refused to continue the disability payments. These allegations were in aid of the plaintiff's contention that the defendant so acted in bad faith as to entitle him to statutory damages and attorney's fees. It was not incumbent upon the plaintiff to show a continuation of the alleged disability under the provisions of the contract of insurance. The fact that he had recovered or had refused to furnish proof of his continued disability would be a matter of defense. *Guardian Life Insurance Co.* v. *Snow,* 51 *Ga. App.* 280 (180 S. E. 241) ; *New York Life Insurance Co.* v. *Bradford,* 55 *Ga. App.* 248 (189 S. E. 914). The court properly overruled these grounds of the demurrer.

4. In ground 2 of the defendant's demurrer objection is made that the petition "is duplicitous in that in one count plaintiff sues as the basis of his cause of action a default in the continuance of payments of monthly claims of $30.00 per month for disability already existing and also for the failure to pay $30.00 monthly claims for a disability to which due proof was given by plaintiff." Assuming for the sake of argument that this language of the demurrer means something and that it objects, as counsel says in his brief, "to the petition and points out that in one count plaintiff has sued on a special provision of the policy which contains two (2) distinct and different causes of

action: '(a) that he has become totally disabled . . and will be *permanently*, continuously and *totally* prevented thereby for *life* from pursuing any occupation or employment' etc., and '(b) that he has become totally disabled . . and has been continuously and *wholly* prevented thereby *for three or more consecutive months* from engaging in an occupation or employment' etc., and that plaintiff has not sufficiently set out which of these two causes of action he bases his recovery in this *one* count of his petition," this ground of the demurrer is not meritorious.

It is clear that the plaintiff is setting up that he has been totally and *permanently* disabled since the latter part of November 1947; that the defendant commenced payments for total and *permanent* disability on November 22, 1948, and discontinued these payments on July 19, 1949; and that the plaintiff is now seeking only those payments for total and *permanent* disability which have accrued between the time the defendant discontinued the payments and the filing of the petition, or trial of the case. We find no intimation in the petition that the plaintiff anywhere seeks to recover for total (but not permanent) disability which has continued for a given number of months more than three, and prevented the plaintiff from pursuing any gainful occupation or employment.

5. Grounds 4, 5, 6, 7, 8, 9, 11, and 12 of the defendant's demurrer which object to the allegations of certain designated paragraphs of the petition as being conclusions of the pleader and irrelevant to the cause of action are without merit.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

ON MOTION FOR REHEARING. ·

MacIntyre, P. J. Paragraph 5 of the plaintiff in error's motion for a rehearing seeks to raise the question that the plaintiff in the allegations of his petition is claiming too much interest and also too much damages based on this excess of interest under Code § 56-706. A defect in the petition, in that the wrong measure of damage is set out, can be reached only by special demurrer, which specifically points out the defect in the petition and is directed to that particular portion of it. *Atlanta Plow Co. v. Bennett*, 49 *Ga. App.* 672 (6) (176 S. E. 822); *Koch Co. v. Adair*, 49 *Ga. App.* 824 (3) (176 S. E. 680); *National Bondholders Corp. v. Cheeseman*, 190 *Ga.* 166, 168 (8 S. E. 2d, 391).

There is no such special demurrer and the question is not now presented by this record. *Brown* v. *Georgia, Carolina & Northern Ry. Co.*, 119 *Ga.* 88, 91 (46 S. E. 71). The petition sets forth a cause of action and if it set forth the wrong measure of damage, this may be reached by a proper special demurrer; but the wrong measure of damage does not subject the petition to a general demurrer. *Elwell* v. *Atlanta Gas-Light Co.*, 51 *Ga. App.* 919 (6) (181 S. E. 599). This and all other matters in the motions for rehearing having been considered, the motions are denied.

*Rehearing denied. Gardner and Townsend, JJ., concur.*